# Exhibit 1

| CHARGE OF DISCRIMINATION | | AGENCY<br>☐ FEPA<br>X   EEOC | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | |

STATE OR LOCAL AGENCY:

| NAME (Indicate Mr., Ms., Mrs.)<br>**Carol Bell** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>**856-727-5177** | |
|---|---|---|
| STREET ADDRESS            CITY, STATE AND ZIP | | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Lockheed Martin Corporation** | NUMBER OF EMPLOYEES,<br>MEMBERS   >15 | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS<br>**6801 Rockledge Drive** | CITY, STATE AND ZIP<br>**Bethesda, MD 20818** | COUNTY |
| NAME<br>**Lockheed Martin Corporation - Complainant's Work Location** | NUMBER OF EMPLOYEES,<br>MEMBERS<br>**>15** | TELEPHONE (Include Area Code) |
| STREET ADDRESS<br>**199 Borton Landing Road** | CITY, STATE AND ZIP<br>**Moorestown, NJ 08057** | COUNTY |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>☐ Race   ☐ Color   **x** Sex   ☐ Religion   ☐ National Origin<br>☐ Retaliation   ☐ Age   ☐ Disability   ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*<br><br>**x** Continuing Violation |
|---|---|

THE PARTICULARS ARE:

A.    I was originally hired by Respondent in or about June of 1978 (when it was RCA), as an Industrial Engineer. From in or about June of 1978 until the present, I worked at Respondent during different periods of time, holding several different positions, for a total of approximately twenty-one (21) years. From on or about February 17, 2003 until on or about April 12, 2004, I worked as a L4 Procurement Engineer. I was then transferred to L5 Program Manager (pay grade E5G). From on or about June 15, 2005 to the present, I have been employed as a Senior Manager, Subcontract Administrator (pay grade E6L). I currently report to Douglas Goerke, Director of Sourcing.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct<br><br>1/14/07<br>Date          *Carol Bell*<br>Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**Bell v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 2 of 7**
**Initials of Charging Party** *CB*

B.      I have been, and continue to be, discriminated against and subjected to a hostile work environment based on my sex (female). The facts supporting my claims of discrimination and hostile work environment include, but are not limited to:

1)      Respondent categorizes their positions by grade level. Any position specified as L7 and above (i.e., L8, L9) is considered a Director-level position or above. Director-level positions and above have significant benefits that are not available in lower positions.

2)      Open positions at Respondent are posted on its intranet, Career Network. Respondent's policy is that positions that are L6 and below must be posted. There is no policy requiring positions that are L7 and above be posted.

3)      In regards to how openings for Director-level positions and above are filled, upon information and belief:

   a)      the vast majority are not posted (including the job descriptions for those positions);

   b)      there is no policy governing the process by which potential candidates are made aware of openings;

   c)      there is no policy governing the application process;

   d)      there is no policy controlling the interview process;

   e)      there is no policy addressing how candidates are identified, analyzed and ultimately selected to the position;

   f)      a "sponsor" (the vast majority of whom are men) is very important in the decision-making process; and,

   g)      the decision regarding who fills the positions is made, in the vast majority of cases, by men.

4)      The vast majority of employees that hold Director-level positions and above at Respondent are male. There exists a "glass-ceiling" which creates a significant bias against women being promoted into Director-level positions and above at Respondent.

5)      In order to be considered for a Director-level position, and possible above, there is a policy that an employee must be identified as a "hi-pot" (short for high potential) on a Performance by Potential Chart (called the "9-blocker chart") or be directly recommended by their supervisor.

**Bell v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 3 of 7**
**Initials of Charging Party** _CB_

6)     "Hi-pots" are determined in secret meetings, the details of which are not shared with employees. Further, employees are not made aware who the selectors are or what criteria they us when evaluating candidates. Based upon information and belief, the vast majority of individuals determining who will be a "hi-pot" are men.

7)     In addition to categorizing positions by grade level, Respondent also labels positions by pay band. The lower the letter in the alphabet, the higher the pay band (i.e., the G pay band has a higher compensation range than the L pay band).

8)     Approximately two years ago, Respondent decided that the Subcontract Program Manager position ("SPM") would be paid on a higher pay band than the Subcontract Administrator position ("SCA"), even though they were previously on the same pay band. (The SPMs are now on the G band; the SCA's are paid on the L band). There were, at that time, and continue to be, very few women who are SPMs. Consequently, the majority of female workers in this group have been relegated to a pay band with a lower compensation range.

9)     On or about June 13, 2005, I was transferred from to L5 Program Manager (pay band E5G) to L6 SCA (pay band E6L). As an L6 SCA, I am a grade level above the L5 Program Manager position I previously held; however, the L pay band of this new position is lower than the G pay band I had for my previous position.

10)     In or about December, 2005, I received a performance review from my supervisor, Mr. Goerke. The performance review ranked me as "Successful Contributor." This is the middle rating of five possible ratings: "Exceptional Contributor" (the highest); "High Contributor;" "Successful Contributor;" "Basic Contributor;" and, "Unsatisfactory" (the lowest). I was not happy with this rating because I had met the performance goals and objectives that were set for me and there were no criticisms of my performance through the year. Mr. Goerke told me that I needed to "network more," without any concrete explanation for this criticism.

11)     I addressed with Mr. Goerke the fact I was now on a lower pay band (L as opposed to G), even though my position had a higher grade level (L6 as opposed to L5). I explained that given my job duties and experience level, I should really be on the G pay band. I also discussed this issue with Monet Cleveland-Nathaniel (female), Director of Human Resources. I was told that they "would look into it."

12)     In or about late 2005/early 2006, I had a discussion with Joseph Gonsiewski (male), Director of Operations and Facilities, who reported to Jim Thomas (male), President of Operations and Supply Chain Management. (Mr. Goerke also reports to Mr. Thomas). He said he was looking for another assignment since the two year rotation on his then current position was ending soon. I met with Ms. Cleveland-Nathaniel (HR) and expressed my interested in Mr. Gonsiewski's position. I asked what I needed to do to be included on the slate of candidates for this position. She advised that I should meet with

**Bell v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 4 of 7**
**Initials of Charging Party** _CB_

Robert Fiorentini (male), Vice President of Operations for MS2, Yvonne Hodge (female), Vice President of Quality for MS2, and Philip Goslin (male), Director of Procurement.

13)     As instructed, I met with Mr. Fiorentini on or about April 10, 2006. He told me that to be considered for any Director positions I had to be considered a "hi-pot" and be included on the "9-blocker" chart. Since Mr. Goerke had rated me only "Successful Contributor" instead of one of the two higher ratings ("High Contributor" or "Exceptional Contributor"), I was not included on a favorable position on the 9-blocker chart. I also spoke with Mr. Goslin, in or about May, 2006. His advice was to consider a lateral move to another business unit, even though I had no interest in doing that. I never met with Ms. Hodge because she cancelled our meeting five times.

14)     In or about July, 2006, I attended a Sourcing Excellence Council meeting with Mr. Goerke and a summer intern in Virginia. Prior to arriving, we agreed to meet Dan Fitzpatrick, a Sourcing Director from our Orlando, Florida facility, for dinner. I was explicitly invited by Mr. Fitzpatrick. However when I contacted Mr. Goerke (who was staying at the same hotel as me) that evening, he was already at dinner with Mr. Fitzpatrick. He excluded me from this networking opportunity even though one of his criticisms of me was that I needed to network more. I felt that if I were a man, I would not have been excluded from this business dinner. I had dinner that night with the summer intern.

15)     In or about November 2006, I applied for a position in the IS&S (now called "IS&GS") business area. The job was a L6 SPM, with a $6,000 minimum increase over my current salary. Since the job was an L6, it was posted on the Career Network. I applied for the position but was never interviewed, even though the job description for this position was the same as the job I was currently holding. I later learned that the position was awarded to Daniel Feeney (male), who, upon information and belief, was less qualified than me for this position.

16)     On or about December 19, 2006, I learned through word of mouth that there was a Director position open, which was formerly held by Dave Zalewski (male). This position was never posted, so I contacted Ms. Cleveland-Nathaniel (HR) to express my interest. She said she would try to get me on the slate of candidates. She later told me that the position had already been filled by Michael Lubrano (male). I was never given the opportunity to apply for this position or be interviewed. Upon information and belief, Mr. Lubrano was less qualified for this position than me.

17)     In or about late December 2006, I had another performance review with Mr. Goerke. Again, Mr. Goerke gave me the middle rating: "Successful Contributor." While acknowledging that I was "fully successful" in meeting performance goals and objectives for the year, he criticized me for not using my skills as a "certified black belt" to exercise my ability to lead events. I was not happy with this review because I met or exceeded every goal that was set for me and I met with Mr. Goerke regularly throughout the year to review my goals, objectives and progress. In these meetings, he never addressed these criticisms.

**Bell v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 5 of 7**
**Initials of Charging Party** *CB*

18)    I again discussed with Mr. Goerke the fact that my pay band had still not been increased to be on par with the SPM position. I also showed him the job description for the IS&S SPM position that I was passed over for and, given that the jobs are the same, explained that they should be paid at equivalent levels. He said he would speak with HR about it.

19)    I discussed my performance rating with a coworker, Oliver Cueff (male), who told me he was very happy with his rating (Mr. Goerke rated us both). Mr. Goerke gave Mr. Cueff a better rating than me even though Mr. Cueff had alienated his entire staff. I felt Mr. Cueff was given a better rating because he was a man.

20)    Shortly thereafter, I complained to Ms. Cleveland-Nathaniel (HR) that I felt I was being discriminated against because I was female. I asked her if women were fairly represented in the distribution (of performance ratings) but she said she did not have the relevant data available. I explained to her the history of the positions I had been passed over for (and not even interviewed for), the unfair performance reviews I received, the lack of support from my supervisor, and the unfair standard to which I was continuously being subjected. Her response was: "We got to get you out of there."

21)    On or about May 11, 2007, I had a discussion with Mr. Thomas, in which I expressed my interest in a Director level position. On or about August 28, 2007, I had a follow-up discussion with Mr. Thomas and told him that I was ready for a "stretch assignment." (A "stretch assignment" is an opportunity to learn about another job in the company and usually comprised of high visibility assignments. They are considered necessary for advancement). Mr. Thomas told me that he didn't think I was ready to take on this responsibility because I had not done any work on a project that was my own. This was completely untrue. Apparently his subordinate (and my supervisor), Mr. Goerke, had failed to advise him of the work I had been doing which certainly qualified me for a stretch assignment. Mr. Thomas and I agreed that I would continue to send my progress reports to Mr. Goerke, but that I would also copy Mr. Thomas. Mr. Thomas also said that he would look into a mentor for me since a sponsor is important for any Director-level position. As of the present, Mr. Thomas has never followed through on his offer to aid me in finding a sponsor.

22)    On or about October 1, 2007, Mr. Thomas announced that Robert O'Brien (male) had been selected for the position of Director of Operations and Facilities (Mr. Gonsiewski's former position). The announcement revealed that Mr. O'Brien's educational background was almost identical to mine. This position was never posted, and I was never given an opportunity to apply for it or be interviewed. Upon information and belief, Mr. O'Brien was less qualified for this position than me.

23)    The promotion of Mr. O'Brien to Director of Operations and Facilities, left his former position, Director of Facilities and Business Services open. I spoke with Gregory Holden (male), Human Resources Director (Ms. Cleveland-Nathaniel's replacement since she was transferred to another unit in or about the Spring of 2007) about this vacant

**Bell v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 6 of 7**
**Initials of Charging Party *CB***

Director position. He strongly encouraged me to speak to Katina Williams (female), Human Resources Representative, and the hiring manager, David Broadbent (male), Vice President of Operations. I sent my resume to Mr. Broadbent on October 1, 2007, noting my relevant experience and educational background. He responded the same day saying that they were building the slate of candidates and that he would ensure that my name is considered.

24)     On or about October 14, 2007, I called Ms. Williams who advised that Mr. Broadbent was finalizing the slate of candidates. I followed up with Ms. Williams several times but could not get in touch with her, so I emailed Mr. Broadbent on or about November 9, 2007. He responded to me the same day via telephone. Among other things, Mr. Broadbent told me that I was not interviewed for the position because I did not have any relevant experience. I discussed with him my understanding that at a Director-level position, the ability to manage and lead is more important than specific subject matter knowledge, since you have experts in the field reporting to you. I asked him what operations experience he had when he became Vice President of Operations. He admitted that he had none, adding the explanation that he had experts in this area reporting to him. I told him that I felt that there were different rules for different people. I asked him how many women were considered for this position and he said none, thus guaranteeing that the job would be filled by a male.

25)     On or about November 19, 2007, I met with Mr. Holden to discuss my conversation with Mr. Boadbent the previous week. I asked Mr. Holden how Respondent could not find a single qualified candidate that was female. Mr. Holden did not answer my question; instead, he asked me whether I ever considered consulting. Among other things, I told him that I have never seen a woman get a stretch assignment and fail but I have seen plenty of men get stretch assignments and fail. This is because they are never willing to take a risk with a woman. If she gets what is called a "stretch assignment," it is usually something she is over-qualified for and is not a stretch at all, while men are often given opportunities well out of their normal business area. I also showed Mr. Holden a copy of Mr. Broadbent's organizational chart and asked him: "What's wrong with this picture? (as there were no women in his organization). Mr. Holden said he is sure that if there were a qualified female candidate Mr. Broadbent would consider them.

26)     On or about December 7, 2007, I had my performance review with Mr. Goerke. Again he gave me the middle rating: "Successful Contributor," even though I met or exceeded every goal. I told him I felt I was not given one of the two highest ratings because I am a woman and felt he was saving the higher ratings for the men. (Upon information and belief, supervisors are only allowed to give a limited number of Exceptional or High Contributor ratings). I asked him how many women he rated Exceptional or High and he said that he wasn't sure. I told him that I believed that women were not fairly represented during the ranking/rating sessions. His response was that there was one (1) woman: Barbie Bigelow, Chief Information Officer. However, there are twelve (12) people in the ranking/rating sessions and eleven (11) of them are men.

Bell v. Lockheed Martin Corporation
EEOC Charge of Discrimination
Page 7 of 7
Initials of Charging Party *UZ*

27)    On or about January 2, 2008, I learned that Mr. Broadbent promoted another male, James Morris, into a Director position that I was interested in and qualified for. This position was never posted and I was never interviewed for it. Upon information and belief, Mr. Morris was less qualified for this position than me.

28)    Respondent has engaged, and continues to engage, in a pattern and practice of discriminating against female employees.

29)    Respondent's conduct, including the conduct described herein, constitutes intentional disparate treatment adversely affecting female employees of Respondent.

30)    Respondent's conduct, including the conduct described herein, has a disparate impact adversely affecting female employees.

31)    Respondent's policies, or lack thereof, concerning how Director-level positions and above are filled, has had, and continues to have, a disparate impact on female employees.

32)    Respondent's rating/ranking sessions have had, and continue to have, a disparate impact on female employees.

33)    Upon information and belief, there is a statistically significant higher number of males in Director-level positions and above as compared to females.

34)    Respondent intentionally discriminates against females, and has policies that adversely impact females, in connection with compensation, pay grades, grade levels, performance ratings and promotions.

C.    Respondent has not provided a legitimate, non-discriminatory reason for the discrimination and hostile work environment to which I have been subjected.

D.    I allege that Respondent's conduct, including without limitation, the conduct referenced herein, was discriminatory and retaliatory based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD").

E.    I bring this charge on a class action basis on behalf of all current and former female employees and applicants for employment who have been subjected to sex discrimination by Respondent in connection with compensation, grade level, pay level, promotions or hiring decisions.

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See privacy statement before consolidating this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| X EEOC | |

STATE OR LOCAL AGENCY

NAME (Indicate Mr., Ms., Mrs.)
**Carol Bell**

HOME TELEPHONE NUMBER (Include Area Code)
856-727-5177

STREET ADDRESS          CITY, STATE AND ZIP

DATE OF BIRTH

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME **Lockheed Martin Corporation** | NUMBER OF EMPLOYEES, MEMBERS  >15 | TELEPHONE (Include Area Code) |
|---|---|---|

| STREET ADDRESS **6801 Rockledge Drive** | CITY, STATE AND ZIP **Bethesda, MD 20818** | COUNTY |
|---|---|---|

| NAME **Lockheed Martin Corporation - Complainant's Work Location** | NUMBER OF EMPLOYEES, MEMBERS  >15 | TELEPHONE (Include Area Code) |
|---|---|---|

| STREET ADDRESS **199 Borton Landing Road** | CITY, STATE AND ZIP **Moorestown, NJ 08057** | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION (Check appropriate box(es))
☐ Race   ☐ Color   X Sex   ☐ Religion   ☐ National Origin
X Retaliation   ☐ Age   ☐ Disability   ☐ Other (Specify)

DATE DISCRIMINATION TOOK PLACE
Earliest          Latest

X Continuing Violation

THE PARTICULARS ARE:

A.    I filed a Charge of Discrimination with the EEOC on January 15, 2008 complaining of sex discrimination and retaliation. A courtesy copy of the Charge was sent directly to Respondent the same day. Since filing that Charge, I have been subjected to additional discrimination based on my sex and retaliation for complaining about the same.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (when necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

4/10/08
Date:

_Carol Bell_
Charging Party (Signature)

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day Month, and year)

**Bell v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 2 of 2**
**Initials of Charging Party** *CD*

B.   The facts supporting my claims of discrimination, retaliation and hostile work environment include, but are not limited to:

   1)   On or about January 11, 2008, I applied for a promotion to the position of Principle Project Specialist, grade E6H, reporting to Stephen Wylong. I was interviewed twice but was not awarded the position.

   2)   In or about late February 2008, I was advised that the Principle Project Specialist position was awarded to Robert Garner (male), who was less qualified for the position than me.

C.   Respondent has not provided a legitimate, non-discriminatory reason for not awarding me the promotion to Principle Project Specialist and for the discrimination, retaliation and hostile work environment to which I have been subjected.

D.   I allege that Respondent's conduct, including without limitation, the conduct referenced herein, was discriminatory and retaliatory based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD").

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br>X  EEOC | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Carol Bell | HOME TELEPHONE NUMBER *(Include Area Code)*<br>856-727-5177 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP | DATE OF BIRTH |
|---|---|---|

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)**

| NAME<br>Lockheed Martin Corporation | NUMBER OF EMPLOYEES, MEMBERS  >15 | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS<br>6801 Rockledge Drive | CITY, STATE AND ZIP<br>Bethesda, MD 20818 | COUNTY |

| NAME<br>Lockheed Martin Corporation - Complainant's Work Location | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS<br>199 Borton Landing Road | CITY, STATE AND ZIP<br>Moorestown, NJ 68057 | COUNTY |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>☐ Race   ☐ Color   X Sex   ☐ Religion   ☐ National Origin<br>X Retaliation   ☐ Age   ☐ Disability   ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>Earliest              Latest<br><br>X Continuing Violation |
|---|---|

THE PARTICULARS ARE:

A.      I filed a Charge of Discrimination with the EEOC on January 15, 2008 complaining of sex discrimination and retaliation. A courtesy copy of the Charge was sent directly to Respondent the same day. Since filing my Charge, I have been subjected to additional discrimination based on my sex and retaliation for complaining about the same. (Note: I also filed a Charge of Discrimination on April 10, 2008 alleging sex discrimination and retaliation for Respondent's failure to promote me to the position of Principle Project Specialist. A copy of that Charge was sent to Respondent's counsel that day).

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | |
| 4/25/08<br>Date           *Carol Bell* (signature)<br>Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**Bell v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 2 of 2**
**Initials of Charging Party** _OB_

B.    The facts supporting my claims of discrimination, retaliation and hostile work environment include, but are not limited to:

    1)    On or about March 6, 2008, Respondent announced that the position of Director of Subcontract Program Management in the Corporate Operating Excellence and Program Management Organization would be awarded to Dan Feeney (male), effective March 24, 2008. In this position, Mr. Feeney reports to John Hatch, Vice President, Subcontract Program Management.

    2)    I am more qualified for the Director of Subcontract Program Management position than Mr. Feeney.

    3)    The Director of Subcontract Program Management position was never posted and I was never interviewed for it. I did interview for a similar position last year; however, Respondent decided not to fill the position at that time.

C.    Respondent has not provided a legitimate, non-discriminatory reason for not awarding me the promotion to Director of Subcontract Program Management and for the discrimination, retaliation and hostile work environment to which I have been subjected.

D.    I allege that Respondent's conduct, including without limitation, the conduct referenced herein, was discriminatory and retaliatory based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, et seq. ("NJLAD").

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA  X EEOC | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|
| NAME (Indicate Mr., Ms., Mrs.)  **Carol Bell** | HOME TELEPHONE NUMBER *(Include Area Code)*  856-727-5177 | |
| STREET ADDRESS | CITY, STATE AND ZIP | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME  **Lockheed Martin Corporation** | NUMBER OF EMPLOYEES, MEMBERS  >15 | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS  **6801 Rockledge Drive** | CITY, STATE AND ZIP  **Bethesda, MD 20818** | COUNTY |
| NAME  **Lockheed Martin Corporation - Complainant's Work Location** | NUMBER OF EMPLOYEES, MEMBERS  >15 | TELEPHONE (Include Area Code) |
| STREET ADDRESS  **199 Borton Landing Road** | CITY, STATE AND ZIP  **Moorestown, NJ 08057** | COUNTY |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*  ☐ Race  ☐ Color  X Sex  ☐ Religion  ☐ National Origin  X Retaliation  ☐ Age  ☐ Disability  ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE  *Earliest*          *Latest*  X Continuing Violation |
|---|---|

THE PARTICULARS ARE:

A.    I filed a Charge of Discrimination with the EEOC on January 15, 2008 complaining of sex discrimination and retaliation.  I filed additional Charges of Discrimination on April 10, 2008 and April 25, 2008.  A copy of each Charge was sent to Respondent's counsel on the day filed.  Since filing these Charges, I have been subjected to additional discrimination based on my sex and retaliation for complaining about the same.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)  I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.  Date: 12/19/08    *Carol Bell*  Charging Party (Signature) | SIGNATURE OF COMPLAINANT  SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE  (Day Month, and year) |

**Bell v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 2 of 3**
**Initials of Charging Party** *Cb*

B.      The facts supporting my additional claims of discrimination, retaliation and hostile work environment include, but are not limited to:

1)      In June 2008 I applied for an open position, Subcontract Program Management, Senior Manager, Grade 6G. I was interviewed in August 2008. This is the fourth job in Dave Broadbent's organization that I had applied for (this organization has all men reporting into him). I had previously applied for one reporting to Mr. Broadbent, one reporting into Bob Engle (who reports into Mr. Broadbent), one reporting to Vince Dothard (who reports to Mr. Engle) and this one reporting to Steve Reuter, who reports to Vince Dothard (this position reports dotted line to Mr. Reuter). On August 14, 2008 I learned that I was not awarded the position. The position was awarded to Kevin Hickey who is male and less qualified than me. The decision makers were Michael Roche (male) and Steve Reuter (male).

2)      In July, 2008 I applied for a Subcontract Program Director, Grade 7. I was not interviewed. On September 29, 2008, I learned that the position had been awarded to Lee Withington (male), formerly in the Aeronautics business area. The decision maker was John Hatch (male). The position was not posted. I was more qualified for the position than Mr. Withington.

3)      In July 2008, I learned of an open position as a Corporate Enterprise Program Management Senior Manager. I asked Doug Goerke to present me as an applicant to John Hatch. I sent my resume for the position to Mr. Hatch on July 17, 2008. I was not interviewed despite the fact that other less well qualified applicants were. Mr. Hatch (male) was the decision maker. The position was not posted.

4)      In addition, throughout 2007 and 2008, I learned of and applied for the following positions graded 6G for which I was not interviewed. I believe that in each instance I was a qualified candidate and should have been interviewed. In each instance, the decision maker was male.
        a) Program Management, Senior Manager, 6G (USAF Aircraft Tire/FASI); (requisition number 6816BR and 7017BR);
        b) Program Management, Senior Manager 6G (Norway New Frigate); (requisition number 18344BR);
        c) Program Management, Senior Manager 6G (Aegis); (requisition number 2441BR);
        d) Program Management, Senior Manager 6G (Canada Halifax); (requisition number 86660 BR); and,
        e) Program Management, Senior Manager, 6G (Deepwater); (requisition number 24064BR).

5)      In November 2008, I learned that an open position as Program Management, Senior Manager was filled by Brian Frasco (male). I was not interviewed

**Bell v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 3 of 3**
**Initials of Charging Party** _CB_

for the position even though I am more well qualified than Mr. Frasco. Mr. Frasco now reports to Timothy Fuhr (male). There are eight direct reports to Mr. Fuhr none of whom are female.

6) In November 2008, I also learned that David Lahta (male) was promoted to a director level position for which I was more qualified. The position was never posted.

C. Respondent has not provided a legitimate, non-discriminatory reason for not awarding me the promotion to the above referenced positions and for the discrimination, retaliation and hostile work environment to which I have been subjected.

D. I allege that Respondent's conduct, including without limitation, the conduct referenced herein, was discriminatory and retaliatory based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, et seq. ("NJLAD").

E. Respondent has engaged and continued to engage in a pattern and practice of discrimination against female employees. I bring this charge on behalf of all current and former female employees and applicants for employment who have been subjected to sex discrimination in connection with compensation, grade level, pay level, promotions or hiring decisions.

# Exhibit 2

EEOC Form 161-B (10/96)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Carol Bell | From: Equal Employment Opportunity Commission<br>Philadelphia District Office<br>801 Market Street, Suite 1300<br>Philadelphia, PA 19107-3127 |
|---|---|

[    ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2009-00913 | Legal Unit | (215) 440-2828 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]   More than 180 days have passed since the filing of this charge.

[    ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]   The EEOC is terminating its processing of this charge.

[    ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[    ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[    ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Marie M. Tomasso*             *December 23, 2008*

Enclosure(s)

Marie M. Tomasso, District Director     *(Date Mailed)*

cc:   Laura C. Mattiacci, Esq., Counsel for Charging Party

Tom Sparr, Director of Labor & Employee Relations, Lockheed Martin Corporation

EEOC Form 161-B (10/96)

### ꞏ . EQUAL EMPLOYMENT OPPORTUNITY ꓓ .MISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Carol Bell

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA  19107-3127

[      ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2008-01294 | Legal Unit | (215) 440-2828 |

*(See also the additional information attached to this form )*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request.  Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.  Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]   More than 180 days have passed since the filing of this charge.

[    ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]   The EEOC is terminating its processing of this charge.

[    ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, the paragraph marked below applies to your case:

[    ]   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be** filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[    ]   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marie M. Tomasso, District Director

*December 23, 2008*

*(Date Mailed)*

Enclosure(s)

cc:   Laura C. Mattiacci, Esq., Counsel for Charging Party

Tom Spair, Director of Labor & Employee Relations, Lockheed Martin Corporation

EEOC Form 161-B (10/96)

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Carol Bell

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA  19107-3127

[   ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2009-00907 | Legal Unit | (215) 440-2828 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]   More than 180 days have passed since the filing of this charge.

[   ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]   The EEOC is terminating its processing of this charge.

[   ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[   ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Marie M. Tomasso*                    *December 23, 2008*

Marie M. Tomasso, District Director              *(Date Mailed)*

Enclosure(s)

cc:   Laura C. Mattiacci, Esq., Counsel for Charging Party

Tom Spair, Director of Labor & Employee Relations, Lockheed Martin Corporation

# Exhibit 3

EEOC Form 161-B (rev. 2 (2/98))

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Carol Bell

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA  19107-3127

[  ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2009-01188 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  Your charge was not timely filed with EEOC.  In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[  ]  The EEOC issues the following determination. Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statues.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ X ]  Other (briefly state)    **CHARGING PARTY IS A CLASS MEMBER IN A CURRENTLY PENDING LAWSUIT.**

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Maria M. Tomasso_                    July 7, 2009

Marie M. Tomasso, District Director          (Date Mailed)

Enclosure(s)
  Information Sheet

cc  Laura Mattiacci, Esq., Counsel for Charging Party

Tom Spurr, Director of Labor & Employee Relations for Lockheed Martin

# Exhibit 4

| FIFTH CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br>X EEOC | |

| STATE OR LOCAL AGENCY | | |
|---|---|---|
| Carol Bell | HOME TELEPHONE NUMBER (Include Area Code)<br>856-727-5177 | |
| STREET ADDRESS     CITY, STATE AND ZIP | DATE OF BIRTH | |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one list below)**

| NAME<br>Lockheed Martin Corporation | NUMBER OF EMPLOYEES, MEMBERS  >15 | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS<br>6801 Rockledge Drive | CITY, STATE AND ZIP<br>Bethesda, MD 20813 | COUNTY |
| NAME<br>Lockheed Martin Corporation - Complainant's Work Location | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code) |
| STREET ADDRESS<br>199 Borton Landing Road | CITY, STATE AND ZIP<br>Moorestown, NJ 08057 | COUNTY |

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>☐ Race  ☐ Color  X Sex  ☐ Religion  ☐ National Origin<br>X Retaliation  ☐ Age  ☐ Disability  ☐ Other (Specify) | DATE DISCRIMINATION TOOK PLACE |  |
|---|---|---|
|  | Earliest          Latest |  |
|  | X Continuing Violation | |

**THE PARTICULARS ARE:**

A.     I filed a Charge of Discrimination with the EEOC on January 15, 2008 complaining of sex discrimination and retaliation. I filed additional Charges of Discrimination on April 10, 2008, April 25, 2008, and December 19, 2008. A copy of the Charge was sent to Respondent's counsel on the day filed. Since filing these Charges, I have been subjected to additional discrimination based on my sex and retaliation for complaining about the same

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
|  | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |

| 9/29/09     _Carol Bell_<br>Date     Charging Party (Signature) | SIGNATURE OF COMPLAINANT |
|---|---|
|  | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

Bell v. Lockheed Martin Corporation
Fifth EEOC Charge of Discrimination
Page 2 of 2
Initials of Charging Party *CB*

B.   The facts supporting my claims of discrimination, retaliation and hostile work environment include, but are not limited to:

1) On February 5, 2009, I applied for a Senior Program Manager (S-SBMD PPMP Implementation Lead) position in the MS2 business unit in Moorestown, New Jersey. This was a L6 position, and I learned of it through the company-wide Career Network. I was interviewed for this position on or about March 11, 2009. I learned on or about April 2, 2009, that Respondent chose Mary Johnson for the position. I was told that Ms Johnson was chosen in part because Ms. Johnson had customer interface experience at the admiral level. Typically employees with customer interface experience at the admiral level are Directors or Vice Presidents, which are L7 and above positions. Ms. Johnson is overqualified for this L6 position and is another example of a female employee having a lower grade job than male employees with similar or lesser qualifications. Additionally, upon information and belief, Ms. Johnson has not complained of discrimination. The decision-maker was Carmen Valentino (male).

2) On April 24, 2009, I applied for a Program Management Senior Manager position in the MS2 business area in Moorestown, New Jersey. This was a L6 position, and I learned of it through the company-wide Career Network. I was not interviewed for this position. On May 19, 2009, I learned that the position had been awarded to Spiros Koulas, a male employee, who, upon information and belief, had not complained of discrimination. Upon information and belief, I was more qualified for the position than Mr. Koulas. The decision maker was Allan Croly (male).

3) In June 2009, I learned that Mike Mahon was promoted to a Director-level position for which I was more qualified. Upon information and belief, Mr. Mahon had not complained of discrimination. The position was never posted

C.   Respondent has not provided a legitimate, non-discriminatory reason for not awarding me the promotion to the above referenced positions and for the discrimination, retaliation and hostile work environment to which I have been subjected.

D.   I allege that Respondent's conduct, including without limitation, the conduct referenced herein, was discriminatory and retaliatory based on my sex (female) and complaints of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD").

E.   Respondent has engaged and continued to engage in a pattern and practice of discrimination against female employees. I bring this charge on behalf of all current and former female employees and applicants for employment who have been subjected to sex discrimination in connection with compensation, grade level, pay level, promotions or hiring decisions.

# Exhibit 5

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br>X EEOC | 530-2009-02625 |

STATE OR LOCAL AGENCY:

| NAME (Indicate Mr., Ms., Mrs.)<br>**Linda Abt** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>**610-458-5135** | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Lockheed Martin Corporation** | NUMBER OF EMPLOYEES,<br>MEMBERS >15 | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS<br>*Claimant's Work Location*<br>**230 Mall Blvd.**<br>*Corporate Headquarters*<br>**6801 Rockledge Drive** | CITY, STATE AND ZIP<br><br>**King of Prussia, PA 19604**<br><br>**Bethesda, MD 20817** | COUNTY<br>Montgomery<br><br>Montgomery |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>☐ Race  ☐ Color  **x** Sex  ☐ Religion  ☐ National Origin<br>☐ Retaliation  ☐ Age  ☐ Disability  ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest* **3/1/06**    *Latest* **Present/Ongoing**<br>**x** Continuing Violation |
|---|---|

THE PARTICULARS ARE:

A.    1.    **Relevant Work History**

I have been employed by Respondent, Lockheed Martin (or its predecessor) for over fourteen and a half (14.5) years. From approximately November, 2003 through approximately January, 2008, I was the Manager of Management and Data Systems Engineering Leadership Development Program ("ELDP"). During that time, I worked in Respondent's Information Services and Global Systems unit ("IS&GS"). In or around late 2007, I applied for a position in Respondent's Enterprise Information Services ("EIS"*) unit through Respondent's online job posting service ("Career Network"). I was awarded the position, and my title became "Resource Manager" on or about January 15, 2008. In October, 2008, due to a reorganization, I was made a "Software Development Analysis Manager," the position I currently hold. In December, 2008, there was another reorganization. Since that point, I have reported to Bonnie Eicher, who reports to Bettye Smith, Director of Technical Operations Software. I am the only female out of six (6) individuals reporting to Ms. Eicher. Out of the twenty-two (22) individuals reporting to Ms. Smith in the level above me, only seven (7) are female.

Respondent categorizes their positions by grade level (e.g. L-3, L-4, etc.). The higher the number, the higher the position level and salary. Any position specified as L7 and above (i.e., L8, L9) is considered a Director-level position. I have been an L-5 (manager) since approximately November, 2003.

* - This unit has been known as Enterprise Business Services ("EBS") since October, 2008.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>*[signature]*<br>Date: 04/17/09  Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

### 2. Statement of Harm

At all times during my employment, I have been subjected to discrimination based on my gender. Respondent has discriminated against its salaried female employees by advancing male employees more quickly than equally or more qualified female employees through middle management and into upper management level positions; by giving male employees better performance evaluations; by compensating male employees better than female employees, including with respect to pay grade, annual and promotional increases, merit pay increases and bonuses; and by giving male employees greater advancement and training opportunities.

Since at least January, 2008, I have been paid less than my male comparators and categorized at a lower level grade than my comparators. Prior to that time, I do not know what comparable male employees were paid.

On or about March 4, 2009, Respondent failed to hire/transfer me into an open position (ELDP Manager) because of my sex.

### B. Respondent's Alleged Reasons

I have not been given any reason for the discriminatory treatment to which I have been subjected.

With regard to Respondent's failure to place me into the ELDP Manager position in March, 2009, I have been told that another applicant (male) was a better choice. This is a pretext for sex discrimination as I have been told by one of the members of the panel interview that I was "hands-down" the best candidate and that a majority of the panel wanted me to get the position but that "management" had interfered with the decision.

### C. Rationale/Basis for Allegations of Discrimination and Statutes Covered

I allege that Respondent has discriminated against me based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

Evidence of discrimination includes, but is not limited to (in addition to what is set forth herein):

1) Lockheed Martin discriminates against its salaried female employees by paying them less than comparable male employees, advancing male employees more quickly than equally or more qualified female employees through middle management and into upper management level positions, and discriminates in compensation to these female employees, including with respect to pay grade, annual and promotional increases, merit pay increases and bonuses.

**Charge of Discrimination**
**Linda Abt v. Lockheed Martin**
**Page 3 of 4**

2)      There exists a "glass-ceiling" which creates a significant bias against women being promoted into Director-level positions (i.e. L7 and above) at Respondent. By way of example, although positions at L6 levels or below must be posted via Career Network, L7 positions and higher are not so required and the vast majority are not posted and there is no policy governing the process by which potential candidates are made aware of openings. As such, decisions to promote individuals into director-level positions are made by a "tap-on-the-shoulder," mainly by men, and which results in women being discriminatorily denied such positions.

3)      In or about December, 2007, I was given an unfairly negative review because of my sex by my supervisor at the time, Don Houser (male). Mr. Houser had frequently made comments displaying a bias against females, to the point where sometimes he would have to add that if he didn't stop himself, I (or other female employees) would end up "smacking him" because of his offensive comments. Upon information and belief, that unfair review has effected and continues to effect, my compensation and opportunities for advancement.

4)      In or about December, 2008, I was given an annual performance evaluation by an individual who had only supervised me for approximately two (2) months and which did not take into account my contributions in the position which I had held for ten (10). This evaluation gave me an overall score of "Basic" which was not warranted by my performance. ("Basic" is the fourth out of five possible ratings, above only "unsatisfactory.") Upon information and belief, Respondent centrally assigns "quotas" for each department of how many people need to receive each type of scores and, if too many people receive high scores, Respondent will instruct that some scores be lowered, regardless of that person's actual performance. Upon information and belief, my score, rather than any male comparator, was lowered based on these quotas rather than on my actual performance.

5)      Currently I am the only female out of 6 individuals reporting to Ms. Eicher. Upon information and belief, three (3) of these male comparators are L6, including John Brandish (male) who performs the exact job that I perform. (He has the "West Coast" portion of the "web team" and I have the "East Coast." Currently, I am also working as an Engineering Manager on a special project, a responsibility which Mr. Brandish does not have.) As a result of being graded below my male colleagues, or otherwise, I receive lower compensation (even though I am compared to them for purposes of evaluations).

6)      In or about January, 2009, Respondent posted on Career Network an opening for my old job which I had held successfully from 2003 until January, 2008. (Although Respondent had kept me at the L5 level while I was in that position, after I left, I was replaced by an L6 who took over my job exactly). At the time that the position was posted in January, 2009, however, the duties had been split into two parts, to be filled by an L5 manager and an L4 manager. I was qualified to handle each of the jobs as I had previously been responsible for the duties of both positions simultaneously. Out of all of the applicants, Respondent selected five (5) individuals for interviewing, only one of whom (me) was female. Myself and one other male were selected for a second interview.

**Charge of Discrimination**
**Linda Abt v. Lockheed Martin**
**Page 4 of 4**

7)      On or about March 4, 2009, I was informed that the L5 position had gone to a less-experienced and less-qualified male, who had never even held a manager-level position before (much less the exact job duties at issue, as I had).  In addition, the L4 position was awarded to a male.  I was told only that the man who had been given the position had performed better during the interview and had better "past performance."  I was also told that "management" had gotten involved.  These reasons are a pretext for sex discrimination, as I have since been told by a member of the panel that I was "hands down" the best candidate and had given the best interview.  He also advised that out of the six members of the panel, four had wanted the position to go to me but "management" had intervened.

8)      Respondent has engaged, and continues to engage, in a pattern and practice of discriminating against female employees.  Respondent's conduct, including the conduct described herein, constitutes intentional disparate treatment adversely affecting female employees of Respondent.

9)      Respondent's conduct, including the conduct described herein, has a disparate impact adversely affecting female employees.

D.    **Class Charge**

I bring this charge on a class action basis on behalf of all current and former female employees and applicants for employment who have been subjected to sex discrimination by Respondent in connection with compensation, grade level, pay level, advancement, training, evaluations, promotions, transfers, or hiring decisions.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### Linda Abt v. Lockheed Martin

EEOC No. to be assigned

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

X I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the   attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to   PHRC.

X I understand that false statements in this complaint are made subject to the penalties of 18   Pa.C.S. §4904, relating to unsworn falsification to authorities.

X 4/17/09
Date                                            Signature

___ I do not want my charge dual filed with PHRC

_____          _____
Date                                            Signature

# Exhibit 6

EEOC Form 161 (rev 2 17/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Linda Abt

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA  19107-3127

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601 7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2009-02625 | Legal Unit | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]  Your charge was not timely filed with EEOC.  In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[  ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ X ]  Other *(briefly state)*      CHARGING PARTY IS A CLASS MEMBER IN A CURRENTLY PENDING LAWSUIT

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed <u>WITHIN 90 DAYS</u> from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

William D. Col..                    7/9/09

Marie M. Tomasso, District Director                    *(Date Mailed)*

Enclosure(s)

Information Sheet

cc:    James M. Duttera, Esq., Counsel for Charging Party

Jane Valentin-Zeitz, Director of Human Resources for Lockheed Martin

# Exhibit 7

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br>X  EEOC | |

| | STATE OR LOCAL AGENCY: | | |
|---|---|---|---|
| NAME (Indicate Mr., Ms., Mrs.)<br>**Ms. Maxine Walker** | | HOME TELEPHONE NUMBER (Include Area Code)<br>**214-405-8975** | |
| STREET ADDRESS | CITY, STATE AND ZIP | DATE OF BIRTH | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Lockheed Martin Corporation** | NUMBER OF EMPLOYEES,<br>MEMBERS  >15 | TELEPHONE (Include Area Code)<br>**(301) 897 – 6000** |
|---|---|---|
| STREET ADDRESS<br>*Corporate Headquarters*<br>**6801 Rockledge Drive**<br>*Claimant's Location of Employment*<br>**1 Lockheed Blvd,** | CITY, STATE AND ZIP<br>**Bethesda, MD 20817**<br><br>**Fort Worth, TX 76108** | COUNTY<br>**Montgomery**<br><br>**Tarrant** |

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>☐ Race  ☐ Color  X Sex  ☐ Religion  ☐ National Origin<br>☐ Retaliation  ☐ Age  ☐ Disability  ☐ Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*                    *Latest*<br>**2003        -        Present/ongoing**<br>x Continuing Violation |
|---|---|

THE PARTICULARS ARE:

A.  1.  **Relevant Work History**

I was hired by Respondent in or about 2003, for an Assistant Leader Position in the Human Resources ("HR") department (E-4) of the Aeronautics business unit of Respondent.  My current position is Project Manager (E-4) in the HR Department of Aeronautics.

Respondent categorizes their positions by grade level (e.g. L-3, L-4, etc.).  The higher the number, the higher the position level and salary.  Any position specified as L7 and above (i.e., L8, L9) is considered a Director-level position.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>**8/26/09**<br>Date:                Charging Party (Signature) | SIGNATURE OF COMPLAINANT  Ms. S. Maxine Walker<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**Charge of Discrimination**
**Maxine Walker v. Lockheed Martin**
**Page 2 of 3**

2.    **Statement of Harm**

At all times during my employment, I have been subjected to discrimination based on my gender. Respondent has discriminated against its salaried female employees by advancing male employees more quickly than equally or more qualified female employees through middle management and into upper management level positions; by giving male employees better performance evaluations; by compensating male employees better than female employees, including with respect to pay grade, annual and promotional increases, merit pay increases and bonuses; and by giving male employees greater advancement and training opportunities.

Since at least 2007, I have been paid less than my male comparators and categorized at a lower level grade than my comparators. Prior to that time, I do not know what comparable male employees were paid.

In or about January, 2009, Respondent failed to promote me into an open position (Manager of University Relations) (L4) because of my sex and this continues to detrimentally affect my compensation to this day.

In or about February, 2009, Respondent failed to promote me into an open position (University Relations manager)(L5) because of my sex and this continues to detrimentally affect my compensation to this day.

B.    **Respondent's Alleged Reasons**

I have not been given any reason for the discriminatory treatment to which I have been subjected, including disparate pay.

With regard to Respondent's failure to promote me into the University Relations Manager in February and January 2009, I have been told that another applicant (male) was a better choice.

C.    **Rationale/Basis for Allegations of Discrimination and Statutes Covered**

I allege that Respondent has discriminated against me based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA")

Evidence of discrimination includes, but is not limited to (in addition to what is set forth herein):

**Charge of Discrimination**
**Maxine Walker v. Lockheed Martin**
**Page 3 of 3**

1)      Lockheed Martin discriminates against its salaried female employees by paying them less than comparable male employees, advancing male employees more quickly than equally or more qualified female employees through middle management and into upper management level positions, and discriminates in compensation to these female employees, including with respect to pay grade, annual and promotional increases, merit pay increases and bonuses.

2)      There exists a "glass-ceiling" which creates a significant bias against women being promoted into Director-level positions (i.e. L7 and above) at Respondent.  By way of example, although positions at L6 levels or below must be posted via Career Network, L7 positions and higher are not so required and the vast majority are not posted and there is no policy governing the process by which potential candidates are made aware of openings.  As such, decisions to promote individuals into director-level positions are made by a "tap-on-the-shoulder," mainly by men, and which results in women being discriminatorily denied such positions.

3)      Respondent has engaged, and continues to engage, in a pattern and practice of discriminating against female employees.  Respondent's conduct, including the conduct described herein, constitutes intentional disparate treatment adversely affecting female employees of Respondent.

4)      Respondent's conduct, including the conduct described herein, has a disparate impact adversely affecting female employees.


D.    **Class Charge**

I bring this charge on a class action basis on behalf of all current and former female employees and applicants for employment who have been subjected to sex discrimination by Respondent in connection with compensation, grade level, pay level, advancement, training, evaluations, promotions, transfers, or hiring decisions.