## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------

CAROL BELL, *et al.* on behalf of
themselves and those similarly
situated,

                       Plaintiffs,

v.

LOCKHEED MARTIN
CORPORATION,

                  Defendant.

---------------------------------------------

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Hon. Robert B. Kugler, U.S.D.J.
Case No.: 08-6292

*Civil Action*

Return Date: August 2, 2010

---

### DEFENDANT LOCKHEED MARTIN CORPORATION'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS NOTICE OF APPEAL,
### PURSUANT TO LOCAL CIVIL RULE 72.1(c), FROM
### MAGISTRATE JUDGE DONIO'S ORDERS

---

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 656-1600
Attorneys for Defendant
Lockheed Martin Corporation

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................ii

SUMMARY OF ARGUMENT.............................................................1

STANDARD OF REVIEW..................................................................3

BACKGROUND................................................................................4

   A.  Lockheed Martin Is an Aggregate of Many Separate Businesses ................4

   B.  Ms. Bell's Complaint and First Amended Complaint ....................................5

   C.  Ms. Bell's Second Amended Complaint Seeks to Join Two Plaintiffs
       and to Add Their Highly Individualized Claims. ............................................8

LEGAL ARGUMENT .......................................................................11

   A.  The Magistrate Judge Erred in Granting Discovery of Race and Age
       Information in This Sex-Discrimination Putative Class Action ...................11

       1.  The relevance standard of revised Rule 26(b)(1) is controlling............11

       2.  There is no justification for allowing discovery of race
           information in this sex-discrimination putative class action.................15

       3.  Age information is also irrelevant to Ms. Bell's claims and is not
           necessary for any statistical analysis .....................................................16

       4.  The Magistrate Judge erred by relying on dicta in *Fuentes*, which
           also is factually inapposite.....................................................................18

   B.  The Magistrate Judge Erred in Granting Discovery of Lockheed
       Martin's L8 and L9 Officer-Level Positions .................................................21

   C.  The Magistrate Judge Erred in Joining Plaintiffs Abt and Walker..............24

   CONCLUSION ................................................................................30

# TABLE OF AUTHORITIES

## Cases

*Ardrey v. United Parcel Service,*
  798 F.2d 679 (4th Cir. 1986) .......................................................................... 23

*Burgh v. Borough Council,*
  251 F.3d 465 (3d Cir. 2001) ........................................................................... 30

*Byers v. Ill. State Police,*
  2000 WL 1808558 (N.D. Ill. Dec. 6, 2000) .................................................... 27

*Churchill v. Int'l Bus. Machs., Inc.*
  759 F. Supp. 1089 (D.N.J. 1991) .................................................................... 17

*Collins v. J.C. Nichols Co.,*
  1991 WL 186999 (W.D. Mo. Mar. 12, 1991) .................................................. 13

*Conti v. Universal Enter., Inc.,*
  50 Fed. Appx. 690 (6th Cir. 2002) .................................................................. 24

*Daniel v. Am. Bd. of Emergency Med.,*
  269 F. Supp. 2d 159 (W.D.N.Y. 2003) ............................................................ 15

*Dickerson v. United States Steel Corp.,*
  582 F. 2d 827 (3d Cir. 1978) ................................................................. 3, 28, 29

*Doe v. Hartford Life & Accident Ins. Co.,*
  237 F.R.D. 545 (D.N.J. 2006) ........................................................................... 3

*Fuentes v. Perskie,*
  32 F.3d 759 (3d Cir. 1994) .......................................................................... 2, 20

*Gaul v. Zep Mfg. Co.,*
  2004 WL 231298 (E.D. Pa. Feb. 5, 2004) ....................................................... 23

*General Telephone Co. of Southwest v. Falcon,*
  457 U.S. 147 (1982) ........................................................................................ 30

*Gunter v. Ridgewood Energy Corp.,*
  32 F. Supp. 2d 162 (D.N.J. 1998) ..................................................................... 3

*Haines v. Ligget Group Inc.,*
  975 F.2d 81 (3d Cir. 1992) ............................................................... 3

*Hazen Paper Co. v. Biggins,*
  507 U.S. 604 (1993) ....................................................................... 17

*In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,*
  148 F.3d 283 (3d Cir. 1998) ............................................................ 22

*Klimaski v. Parexl Int'l,*
  2005 WL 857350 (E.D. Pa. Apr. 4, 2005) ........................................ 25

*LoBosco v. Kure Eng'g Ltd.,*
  891 F. Supp. 1035 (D.N.J. 1995) ...................................................... 3

*McClain v. Mack Trucks, Inc.,*
  85 F.R.D. 53 (E.D. Pa. 1979) ............................................. 13, 14, 19

*McDowell v. Morgan Stanley & Co., Inc.,*
  645 F. Supp.2d 690 (N.D. Ill. 2009) ................................................ 26

*Mosley v. General Motors Corp.,*
  497 F.3d 1330 (8th Cir. 1974) ......................................................... 29

*Prouty v. Nat'l R.R. Passenger Corp.,*
  99 F.R.D. 545 (D.D.C. 1983) .................................................... 13, 19

*Robbins v. Camden City Bd. of Educ.,*
  105 F.R.D. 49 (D.N.J. 1985) ........................................... 12, 13, 14, 19

*Slather v. Sather Trucking Corp.,*
  78 F.3d 415 (8th Cir. 1996) ............................................................ 18

*Smith v. Cmty. Fed'l Savings & Loan Assoc. of Toledo,*
  77 F.R.D. 668 (N.D. Miss. 1977) .................................................... 13

*Smith v. North America Rockwell Corp.,*
  50 F.R.D. 515-22 (N.D. Okla. 1970) ............................................... 27

*Suggs v. Capital Cities/ABC, Inc.,*
  122 F.R.D. 430 (S.D.N.Y. 1988) ..................................................... 24

*Webb v. Westinghouse Elec. Corp.,*
  1977 U.S. Dist. LEXIS 16122 (E.D. Pa. Apr. 29, 1977) .................... 25

*Zahorik v. Cornell University,*
98 F.R.D. 27 (N.D.N.Y. 1983) .............................................................. 19

## RULES

FED. R. CIV. P. 20(a)(1) ........................................................................ 25

FED. R. CIV. P. 26(b)(1) .................................................................. 11, 12

FED. R. CIV. P. 72(a) .............................................................................. 3

L. CIV. RULE 72.1(c)(1)(A) .................................................................... 3

## SUMMARY OF ARGUMENT

Under Local Rule 72.1(c), Defendant Lockheed Martin Corporation respectfully appeals from the June 24, 2010, Orders of The Honorable Ann Marie Donio, U.S.M.J. Specifically, Lockheed Martin appeals from the portions of theses Orders that: (i) permit discovery of race and age data as well as certain anecdotal information about race and age discrimination; (ii) permit discovery of Lockheed Martin's L8 and L9 officer-level positions; and (iii) grant Plaintiff Carol Bell leave to file a Second Amended Complaint to join two named plaintiffs, Linda Abt and Maxine Walker. Each of these rulings is contrary to law.

First, the Magistrate Judge incorrectly determined that the proper scope of relevant discovery included demographic data about employees' and former employees' race or age, as well as anecdotal evidence of how Lockheed Martin identifies, assesses and remedies race or age discrimination. (For ease of reference, this data and anecdotal evidence is referred to collectively as "race information" or "age information.") In so ruling, the Magistrate Judge failed to apply the limits on relevant discovery in the 2000 Congressional amendments to Rule 26(b)(1), which now requires that discovery be limited to a "claim or defense" in the action. Because Ms. Bell alleges only sex discrimination, discovery of race or age information is not relevant to a "claim" here. Furthermore, the Magistrate Judge wrongly relied on dicta in the Third Circuit's

*Fuentes* decision,[1] a case which is inapposite to the facts here, and in so doing ignored significant prior precedent in this Circuit that limits discovery to the particular protected characteristic alleged in the complaint.

Second, the Magistrate Judge's Order granting Ms. Bell discovery about Lockheed Martin's L8 and L9 positions—which are *officer*-level positions—is incorrect as a matter of law and clearly erroneous.  Nowhere in her Complaints does Ms. Bell allege that there exists a glass-ceiling for female employees at the officer-level positions of L8 and L9.  To the contrary, her claims (as well as those of the putative class) are limited to alleging a glass-ceiling at L7 director-level positions, *i.e.,* between L6 and L7.  Ms. Bell also does not allege that she sought or was discriminatorily denied a promotion to an L8 or L9 position.  Thus, this discovery is not relevant to a "claim" under Rule 26(b)(1) at issue here.  As such, granting this discovery was error.

Finally, the Magistrate Judge's ruling allowing Ms. Bell to file a Second Amended Complaint to join two more named plaintiffs, Ms. Abt and Ms. Walker, was incorrect.  The Magistrate Judge confused and misapplied the standards of Rules 15 and 20 in determining whether the claims of these potential plaintiffs arose from the same transaction or occurrence as Ms. Bell's claims and whether there were any common questions of law or fact among their claims.  In addition,

---

[1] *Fuentes v. Perskie* 32 F.3d 759, 765 (3d Cir. 1994).

the Magistrate Judge ignored the Third Circuit's statement in *Dickerson* that discrimination claims involving "sporadic events concerning different types of work occurring in different years, at different plants, and with different supervisors" do not contain common questions of law or fact.[2]

Accordingly, Lockheed Martin respectfully requests that the District Court vacate the portions of the Magistrate Judge's Orders granting discovery of race or age information, granting discovery of Lockheed Martin's L8 and L9 officer-level positions, and granting leave to join Ms. Abt and Ms. Walker as named Plaintiffs.

## STANDARD OF REVIEW

In an appeal of a non-dispositive motion, a district court conducts a *de novo* review of a magistrate judge's legal conclusions. *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006); *see Haines v. Ligget Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law"). "A finding is contrary to law when a magistrate judge misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

A district court must set aside a magistrate judge's factual conclusions on a non-dispositive motion if the ruling is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); L. CIV. RULE 72.1(c)(1)(A); *see LoBosco v. Kure Eng'g Ltd.*, 891

---

[2] *Dickerson v. United States Steel Corp.*, 582 F. 2d 827, 831 (3d Cir. 1978).

F. Supp. 1035, 1037 (D.N.J. 1995) ("a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed").

## **BACKGROUND**

### A.   **Lockheed Martin Is an Aggregate of Many Separate Businesses.**

Lockheed Martin is a federal defense contractor comprised of the evolving combination of more than 18 separate entities and their numerous sub-entities. The Company is organized into four distinct Business Areas as well as a corporate support organization. Currently, these Business Areas are Electronic Systems (ES), Aeronautics, Information Systems and Global Services (IS&GS), and Space Systems. (*See* the concurrently submitted Certification of Tracey Staley ("Staley Cert."), ¶ 2.)  Each Business Area has its own functional and support-structure and executive-leadership team, including its own Human Resources (HR) organization. Some Business Areas are further subdivided into Business Units, which also have their own corporate structures and HR functions. (Staley Cert., ¶¶ 3, 20-23, 26-27; *see also* the concurrently submitted Certification of Chanda Guth ("Guth Cert."), ¶¶ 3, 14.)  Business Units can have multiple locations. For example, within ES alone, there are five separate Business Units in the U.S. and an additional, stand-alone operations/sourcing Business Unit in which Ms. Bell currently works.[3]

---

[3]  This Business Unit—Operations, Supply Chain Management (OSCM)—is a carry-over from legacy GE Aerospace and is located in Moorestown, New Jersey.

Likewise, an ES Business Unit for which Ms. Bell worked in the past is MS2 (formerly Naval Electronic Systems and Services (NESS)). (Staley Cert., ¶¶ 21-22, 30-31.) There are numerous locations within MS2, among which MS2's approximately 12,000 employees are divided. [4] (Staley Cert., ¶¶ 4-5 10, 18.)

Lockheed Martin organizes its salaried workforce into various job levels designated by letter ("L" for a position with leadership responsibilities, and "E" for an exempt position without leadership responsibilities) and by number. Jobs of greater responsibility, authority, and accountability occupy higher levels. For example, L8 and L9 are officer-level positions, and director-level positions are L7.

**B.    Ms. Bell's Complaint and First Amended Complaint**

On December 23, 2008, Ms. Bell filed a class-action complaint against Lockheed Martin, on behalf of herself and a company-wide class of women[5] holding certain levels of leadership positions (Levels 4-6) since March 1, 2006.

---

(Staley Cert. ¶¶ 28-32.)

[4] Each location within MS2 was acquired from other companies (*e.g.*, GE Aeronautics and Perry Technology, was acquired first by Martin Marietta (Loral), and later by Lockheed Martin). (Staley Cert., ¶¶ 6-13.) Before 2003, these entities were known collectively as the NESS Business Unit, and each location had its own structure, including its own HR organization. In 2003, the NESS Business Unit was reorganized into the MS2 Business Unit. (Staley Cert., ¶¶ 4-5, 14-15.)

[5] The original Complaint did not allow for differences based on Business Area, Business Unit, geographic location, or job, *except to exclude* from the class or subclass females who "held, or hold or will hold positions in th[e] HR, Ethics, or Communications departments of Defendant." (*See* the Complaint (Docket Entry 1) ("Compl."), ¶ 106-107.)

(Compl., ¶ 106.)  Ms. Bell alleges that Lockheed Martin discriminated against her and the putative class members by failing to promote them to certain "upper management level positions" because of their sex, in violation of Title VII of the Civil Rights Act of 1964  (Count I).  (Compl., intro.)  She also alleged sex discrimination under the New Jersey Law Against Discrimination ("NJLAD") for herself and on behalf of a subclass of women who have worked in New Jersey since December 23, 2006 (Count III).  (Compl., ¶¶ 92-98, 106-115.)  Ms. Bell also asserted an individual retaliation claim under Title VII and the NJLAD (Counts II and IV).  (Compl., ¶¶ 81-91, 99-105.)

In her Complaint, Ms. Bell offers allegations of numerous instances of purported sex discrimination against *her*, each of which challenges separate and factually distinct decisions made by different decisionmakers, using different criteria, involving different comparators, at different times, and in different contexts.  For example, she alleges:

- That *at least nine (9) different decisionmakers,* at different times ranging from December 2006 to November 2008, using the evaluative criteria *each individually employed*, did not consider Ms. Bell, or offer her the opportunity to apply, for *eighteen (18) separate positions*.  (Compl., ¶¶ 34, 39, 45, 46, 53-54, 57-65.)

- That her immediate supervisor, Doug Goerke, gave her a "Successful Contributor" performance rating *in December 2005, December 2006, and December 2007*, which allegedly resulted in her not being considered for a Director-level position.  (Compl., ¶¶ 37-40, 47, 56.)

- That Goerke and Jim Thomas, former Vice President of Operations and Supply Chain Management, denied her various growth or advancement opportunities *in July 2006 and May and November 2007* such as the opportunity to attend a networking event and attend a leadership institute. (Compl., ¶¶ 44, 52, 55, 83.)

Ms. Bell's original allegations implicated multiple other witnesses, individuals with whom she spoke about the challenged individualized decisions about *her* and *her* alleged comparators. (Compl., ¶¶ 39-41, 43-46, 49, 51, 53-55, 57-61, 64-65.)

On March 19, 2009, Ms. Bell filed her First Amended Complaint. There, she significantly expanded the class of individuals she sought to represent to include women holding exempt or "E" level positions at levels 3, 4, 5, or 6, as well as women holding L3 positions, even though she had not herself held these positions.[6] She also expanded her allegations to include sex discrimination against *all* salaried employees and pay discrimination against women "with respect to pay grade, annual and promotional increases, merit pay increases and bonuses." (*See* the First Amended Complaint (Docket Entry 18) ("First Am. Compl."), intro.) Also, she recharacterized Lockheed Martin's alleged discrimination as a "pattern or practice of intentional sex discrimination … that ha[s] an adverse impact on female employees." (First Am. Compl., ¶ 51.) Finally, she added terms-and-conditions allegations relating to individualized employment decisions such as

---

[6] Ms. Bell also included in the class definition the women in HR, Ethics, or Communications departments that she previously excluded. (First Am. Compl., intro.)

rating employees' performance and providing training and advancement opportunities. (First Am. Compl., ¶ 51.)

Notably, neither Ms. Bell's Complaint nor her First Amended Complaint contains allegations of race or age discrimination. And neither contains allegations that she sought or was discriminatorily denied an L8 or L9 officer-level position.

## C. Ms. Bell's Second Amended Complaint Seeks to Join Two Plaintiffs and to Add Their Highly Individualized Claims.

Some ten months after filing her Complaint, Ms. Bell filed a motion to amend her Complaint a *second* time. This time Ms. Bell sought to join as named plaintiffs two women from different Business Areas and Business Units, Linda Abt and Maxine Walker. Ms. Abt and Ms. Walker have their own highly individualized and factually distinct sex-discrimination and retaliation claims that do not arise out of the same transaction or occurrence as do Ms. Bell's or, for that matter, as do each other's. Their claims are devoid of the commonality required for joinder. Ms. Abt's individual claims for sex discrimination and retaliation are in Counts VI and VII, (*See* the Second Amended Complaint ("Second Am. Compl.") attached to the concurrently submitted Certification of Cheryl M. Stanton ("Stanton Cert."), Ex. E at ¶¶ 184-205), and Ms. Walker's individual claim of sex discrimination is in Count VII, ( Second Am. Compl., ¶¶ 206-217). Together, Ms. Abt, Ms. Walker, and Ms. Bell share *but one* out of the seven asserted counts in the

proffered Second Amended Complaint—which is, not surprisingly, the overly-broad class allegation.

Ms. Abt's claims are limited to her particular and unique employment circumstances. During the class period Ms. Bell has defined, Ms. Abt held positions mainly within a different business area—Management & Data Systems (a predecessor of IS&GS) and Enterprise Business Services in Pennsylvania (including its predecessor Enterprise Information Services). She held such positions as Manager of Management and Data Systems' Engineering Leadership Development Program (ELDP) (L5), Resource Manager (L5), Software Development Analysis Manager (L5), and System Integration Analyst Senior Staff (E5). (Second Am. Compl., ¶¶ 116-120.) Ms. Abt also asserts numerous individualized claims—which are all factually distinct from those of Ms. Bell or Ms. Walker—including, for example:

- She was allegedly given unfair negative performance reviews by her supervisor, Don Houser. (Second Am. Compl., ¶¶ 121, 123, 124.)

- She was allegedly subjected to comments by Houser that she believes displayed a bias against females. (Second Am. Compl., ¶¶ 121.)

- She was allegedly not awarded a particular L5 position in *March 2009.* (Second Am. Compl., ¶ 127.)

- She was allegedly subjected to additional discrimination and retaliation after filing an EEOC charge in *April 2009.* (Second Am. Compl., ¶ 129.)

- She was allegedly adversely impacted by a "new promotion policy" *adopted by her department* in *July 2009*. (Second Am. Compl., ¶ 130) (emphasis added).

- And she allegedly lost her direct reports in a reorganization in *August 2009*. (Second Am. Compl., ¶ 131.)[7]

In the same vein, Ms. Walker's claims are highly individualized. Unlike either Ms. Bell or Ms. Abt, she resides in Texas, works for Lockheed Martin's Aeronautics Business Area, and has held positions only in the Human Resources department, including Lead (E4) and Project Management (E4). (Second Am. Compl., ¶ 135.) Ms. Walker alleges that she has been paid less than her male comparators *since 2003*, (Second Am. Compl., ¶ 136), and that she was not promoted to University Relations Manager (L5) because of her sex in *January or February 2009*. (Second Am. Compl., ¶¶ 137, 138.)

Neither Ms. Abt nor Ms. Walker share common transactions or occurrences with Ms. Bell. Throughout her entire employment with Lockheed Martin, Ms. Bell worked only in one Business Area (ES), either in the OCSM or MS2 Business

---

[7] On September 29, 2009, Ms. Abt filed a Praecipe to Issue Writ of Summons in the Philadelphia Court of Common Pleas, Case No. 09093164, in the Commonwealth of Pennsylvania, a week before Ms. Bell sought to add her as a named plaintiff on October 6, 2009. (*See* the concurrently submitted Certification of Barry Simon ("Simon Cert."), ¶¶ 3-4.) Next, Ms. Abt filed a state-court Complaint on November 2, 2009, making *similar claims and allegations* that Ms. Bell pleads in her Second Amended Complaint on Ms. Abt's behalf. (Simon Cert., ¶ 5.) Notably, Ms. Abt's extensive discovery requests, which included notices for 22 depositions, highlight the highly individualized nature of her claims. (Simon Cert., ¶ 6.)

Units, and at one geographic location (Moorestown, NJ). (Staley Cert., ¶ 28.)
Moreover, during the relevant time, she held only a few different positions,
including Procurement Engineer (an L4 position), Program Manager (L5), and
Senior Manager, Subcontract Administration (L6), her current job. (Second Am.
Compl., ¶¶ 76-77.) As set forth above in Section B, her claims are unique to her
particular employment experiences.

As in the first two Complaints, nowhere in the Second Amended Complaint
does Ms. Bell, Ms. Abt, or Ms. Walker make any claims or allegations of race or
age discrimination. Nor do they allege that they sought or were discriminatorily
denied an L8 or L9 officer-level position.

## LEGAL ARGUMENT

### A.   The Magistrate Judge Erred in Granting Discovery of Race and Age Information in This Sex-Discrimination Putative Class Action.

The Magistrate Judge's Order allowing Ms. Bell to discover age and race
information in this sex-discrimination putative class action was clear error.
(Stanton Cert., Ex. D at pp. 22-30.)

### 1.   The relevance standard of revised Rule 26(b)(1) is controlling.

To begin with, granting Ms. Bell discovery of race and age information is
beyond the proper scope of discovery as defined in the Federal Rules of Civil
Procedure. As amended by Congress in 2000, Rule 26(b)(1) limits discovery to
"any nonprivileged matter that is relevant to any party's *claim* or defense." FED. R.

CIV. P. 26(b)(1) (emphasis added).  Before the 2000 amendments, Rule 26(b)(1) allowed parties to conduct discovery on anything related to the "subject matter" of the action.  This language was deleted in the 2000 amendments because of "[c]oncerns about costs and delay of discovery," "particularly [in] cases involving large quantities of discovery." *Id.* Adv. Comm. Notes (2000).  As the Advisory Committee explained, revised Rule 26(b)(1) signals to the district court that "it has the authority to confine discovery to the claims and defenses asserted in the pleadings," and it "signals to the parties that they have *no entitlement* to discovery *to develop new claims or defenses* that are *not already identified in the pleadings*." *Id.* (emphasis added); *see Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985) (decided under broader definition of relevance before the 2000 amendments).

Here, the Magistrate Judge erred by granting Ms. Bell discovery of race and age information because this information is not relevant to a "claim" in the action.  *See* FED. R. CIV. P. 26(b)(1).  In none of her Complaints has Ms. Bell even alleged (much less asserted a formal claim) that she was discriminated against on the basis of her race or age.  As such, good cause does not exist for broadening discovery to other protected categories under Title VII or other federal anti-discrimination laws, especially before a ruling on class certification.[8]  Because Ms. Bell alleges *only* sex

---

[8] Neither does Ms. Abt or Ms. Walker assert discrimination claims on the basis of

discrimination, under Rule 26(b)(1), she is not entitled to information related to age, race, or any other protected classification besides sex because these are not relevant to a "claim" here. *See Robbins,* 105 F.R.D. at 58 (requests seeking production of any prior complaints of discrimination are overbroad in a case involving just allegations of race and age discrimination); *accord Collins v. J.C. Nichols Co.,* No. 90-0389, 1991 WL 186999, *2 (W.D. Mo. Mar. 12, 1991) (Stanton Cert., Ex. I) ("questions are overbroad in seeking information on any and all forms of discrimination—e.g. sex, religion, or sexual preference—and not just race discrimination as alleged in the complaint"); *Prouty v. Nat'l R.R. Passenger Corp.*, 99 F.R.D. 545, 546 (D.D.C. 1983) ("Because plaintiff alleges age discrimination, he is not entitled to any information pertaining to race"); *McClain v. Mack Trucks, Inc.,* 85 F.R.D. 53, 63 (E.D. Pa. 1979) (limiting discovery to racial discrimination because whether defendant "discriminates against employees on the basis of religion, creed, gender or national origin is wholly irrelevant" to plaintiff's race claim); *Smith v. Cmty. Fed'l Savings & Loan Assoc. of Toledo*, 77 F.R.D. 668, 671 (N.D. Miss. 1977) ("Since plaintiff's complaint alleges only racial discrimination any information regarding the sex of employees or applicants is not relevant."). Neither, as the Advisory Committee notes state, is Ms. Bell entitled to

---

age or race.

use discovery to develop new claims—such as for race or age discrimination—that are not already identified in the pleadings.

What is more, Ms. Bell has not pointed to any contrary authority that permits the discovery of information about discrimination on any basis other than that alleged in the complaint, *i.e.*, in this context, sex.  To the contrary, mindful of Rule 26(b)(1)'s limits on relevant discovery, precedent in the Third Circuit consistently holds that discovery in an employment-discrimination case *must* be confined to discovery about the *same type of discrimination* alleged by the plaintiff.  *E.g., Robbins,* 105 F.R.D. at 58 (limiting parameters of discovery to include discrimination claims based on plaintiff's own protected class and on claims alleged in complaint); *McClain,* 85 F.R.D. at 63 (limiting discovery to plaintiff's race-discrimination claim in complaint because whether the employer discriminates against employees on the basis of religion, creed, sex, or national origin is wholly irrelevant).

In denying Lockheed Martin's Motion for Protective Order on the relevance and discoverability of race and age information, the Magistrate Judge misunderstood Lockheed Martin's arguments.  She construed these arguments as addressing only the admissibility of race or age information, which, according to her, would best be considered "in the context of a motion concerning the reliability of an expert opinion under the standards enunciated in *Daubert v. Merrell Dow*

*Pharm., Inc.*" (Stanton Cert., Ex. D at p. 25). But, respectfully, as discussed

below in subparts 2 and 3, it is well-settled that employee demographic data about

protected classifications that are *not* at issue in a case are *not* relevant under Rule

26(b)(1) as a matter of law.

### 2. There is no justification for allowing discovery of race information in this sex-discrimination putative class action.

Allowing Ms. Bell to discover race information about former and current

Lockheed Martin employees is error. Again, at no point in her three complaints

does Ms. Bell mention or accuse Lockheed Martin of race discrimination. What is

more, race can never be used as a proper factor in a regression analysis that

examines alleged pay disparities between *men and women* in a *sex*-discrimination

case. In the context of a discrimination case, a valid regression analysis

necessarily requires considering only legitimate, non-discriminatory factors that

might correlate with the alleged improper factor at issue, here, sex. *See Daniel v.*

*Am. Bd. of Emergency Med.,* 269 F. Supp. 2d 159, 195 (W.D.N.Y. 2003) ("The

first step in such a regression analysis is to specify all the possible '*legitimate* . . .

[factors not prohibited by law] that are likely to significantly affect the dependent

variable and which could account for [the alleged] disparities in [plaintiff's

income]'") (emphasis added) (*citing Ottaviani v. State Univ. of N.Y.,* 875 F.2d 365,

367 (2d Cir. 1989)). As the plain language of Title VII shows, race can never be a

legitimate, non-discriminatory reason for any employment action.  Therefore, it is legally irrelevant to Ms. Bell's sex-discrimination claims here as a matter of law.

The Magistrate Judge's Order permitting discovery of race information relied heavily on Certifications from Ms. Bell's experts, rather than on Rule 26(b)(1) and well-established precedent.  (Stanton Cert., Ex. D at pp. 23-25.)  But looking to non-legal arguments is unnecessary in this context where the applicable rule and case law make clear that race is irrelevant as a matter of law.  Even if this Court were to consider these expert Certifications—and Lockheed Martin contends these Certifications are not necessary to resolve the question of *legal relevance* here—neither of Ms. Bell's experts could explain how race could ever be a legitimate, non-discriminatory factor in a regression analysis examining sex discrimination.  This is particularly true given: (i) Ms. Bell's expert's, Linda A. Bell, initially declared that she was willing to stipulate to *excluding* race in her statistical analysis (Stanton Cert., Ex. F at ¶ 9); and (ii) Lockheed Martin's expert's explanation of why race should not be included in a regression analysis.  (Stanton Cert., Ex. H at ¶¶ 9-10.)

### 3. Age information is also irrelevant to Ms. Bell's claims and is not necessary for any statistical analysis.

Age information is also not relevant to a "claim" in this sex-discrimination case.  It is undisputed that Ms. Bell does not accuse Lockheed Martin of age discrimination in any of her three complaints.  (Neither do Ms. Abt or Ms.

- 16 -

Walker.)  Yet, despite these facts, the Magistrate Judge's Order permitted

discovery of age information, again, basing her ruling primarily on Ms. Bell's

expert Certifications that this information was needed for their analysis.  But both

Rule 26(b)(1) and applicable precedent as well as Lockheed Martin's own expert

(not to mention common sense) make clear that dates of service are a much better

measure of tenure than age.  (Stanton Cert., Ex. H at ¶¶ 5-9.)  Furthermore, Ms.

Bell's expert previously declared that she was willing to stipulate to, and conduct,

a regression analysis *without* age data.  (Stanton Cert., Ex. F at ¶ 9)  As with race,

age can never be a legitimate, non-discriminatory factor for a regression analysis in

a sex-discrimination case, unless the plaintiff alleges both sex and age

discrimination in the pleadings.  *See Churchill v. Int'l Bus. Machs., Inc.,* 759 F.

Supp. 1089, 1098 n.13 (D.N.J. 1991) (legitimate factors for regression analysis

included "time in level, prior relevant experience, prior salary history, and time

with [employer]").  Therefore, age information is not only irrelevant to Ms. Bell's

claims but also unnecessary for any analysis her expert may conduct.

Moreover, as the Supreme Court has held, age is not even an appropriate

proxy for tenure—even in age-discrimination cases—because employees' service

dates are a far better measure of work experience.  *Hazen Paper Co. v. Biggins,*

507 U.S. 604, 611 (1993) ("On average, an older employee has had more years in

the work force than a younger employee, and thus may well have accumulated

more years of service with a particular employer. Yet an employee's age is analytically distinct from his years of service."); *accord Slather v. Sather Trucking Corp.*, 78 F.3d 415, 419 (8th Cir. 1996) (age and length of service are "analytically different"). As Lockheed Martin has explained, services dates are available for its employees and former employees. (Stanton Cert., Ex. H at ¶ 5; Def.'s Reply to Opp'n to Mot. for Protective Order, filed November 30, 2009 (Docket Entry 100), p. 4 fn. 3.) Therefore, Ms. Bell has no need for age information. As the above case law makes clear, service dates—not some improper proxy such as age—must be used in her regression analysis.

In sum, the Magistrate Judge's Order to permit discovery of age data was erroneous and should be reversed.

### 4. The Magistrate Judge erred by relying on dicta in *Fuentes*, which also is factually inapposite.

The Magistrate Judge also erred in permitting Ms. Bell to obtain discovery of certain anecdotal evidence in the form of race or age information regarding "if and how Lockheed Martin identifies and assesses discrimination vis-à-vis gender and what, if any, steps they take to remedy other forms of discrimination they find." (Stanton Cert., Ex. A at 66:9-13 and Ex. D at p. 28.) In her papers below, Ms. Bell failed to cite a single case that would allow her to embark on a fishing expedition to uncover how Lockheed Martin remedies other forms of alleged discrimination such as race or age. In fact, case law underscores that such

anecdotal evidence of other kinds of discrimination not alleged in the pleadings is irrelevant and should not be discoverable. As the Court in *Robbins* stated, when a plaintiff seeks discovery about discrimination not alleged in the complaint, the discovery sought is irrelevant under Rule 26(b)(1):

> The most basic consideration in setting parameters on the scope of plaintiff's interrogatories is that they *must be relevant to allegations of plaintiff's complaint.* In her complaint, plaintiff has alleged that she was discriminated against on the basis of race and age. Therefore, there is *no relevance* in information that would support charges of discrimination based on sex, religion, national origin or any other basis.

*Robbins*, 105 F.R.D. at 61-62 (emphasis added); *accord Prouty*, 99 F.R.D. at 546 ("Because plaintiff only alleges age discrimination, he is not entitled to any information pertaining to race"); *Zahorik v. Cornell University*, 98 F.R.D. 27, 31 (N.D.N.Y. 1983) (plaintiffs in sex discrimination case may not "conduct a general 'fishing expedition' into areas unrelated to their claims such as . . . discrimination claims based on factors other than sex"); *McClain,* 85 F.R.D. at 63 (limiting discovery to racial discrimination because whether defendant "discriminates against employees on the basis of religion, creed, gender or national origin is wholly irrelevant" to plaintiff's race claim). Discovery of this information is especially improper in a putative sex-discrimination class action before there has been a ruling on class certification.

In her Order, the Magistrate Judge relies upon the Third Circuit's decision in

*Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994), to permit discovery of anecdotal

evidence of alleged race and age discrimination.  (Stanton Cert., Ex. C at pp. 27-

28.)  But the *Fuentes* court did not consider—let alone require—that a plaintiff in a

sex-discrimination case be given discovery of alleged anecdotal evidence of race or

age discrimination.  Rather, in *Fuentes*, the Third Circuit merely stated in *obiter*

*dictum* that, to survive summary judgment, an employee could show evidence of

discrimination against "other protected categories of persons."  But, notably, the

Court did not explain what it meant by or which other protected categories were

relevant in that analysis.  *Fuentes*, 32 F.3d at 765.  In fact, *Fuentes* arose in the

context of a plaintiff suing for national-origin discrimination and attempting to

show that the employer's proffered legitimate, non-discriminatory reason was

pretextual.  According to the plaintiff there, he was deliberately treated differently

than employees of *different national origins* (he was of Hispanic national origin).

Thus, *Fuentes* was singularly a national origin discrimination case that suggested

only in dictum that such a plaintiff could compare his treatment to others of

different national origins.  *Fuentes* did not hold—nor did it permit—a plaintiff to

rely on other categorically *different* protected categories like race or age.  Still less

did the Court there hold that evidence of discrimination against other different

protected categories of persons—especially in a sex-discrimination case about

alleged disparate treatment of only women and men—was discoverable. Respectfully, the Magistrate Judge erred in relying on this slender dictum in *Fuentes*, particularly in the face of Rule 26(b)(1) and applicable precedent.

In sum, as Rule 26(b)(1) and the case law make clear, as a matter of law, race and age information is not relevant to a "claim" here and so should not be discoverable in this sex-discrimination case. Therefore, the Court should reverse the Magistrate Judge's Order and not allow Ms. Bell to have any discovery of information (whether data or anecdotal evidence) about purported discrimination on the basis of race, age, or any protected characteristic other than sex.

**B.     The Magistrate Judge Erred in Granting Discovery of Lockheed Martin's L8 and L9 Officer-Level Positions.**

In her Order, the Magistrate Judge also "rejects Defendant's position that Plaintiff is not entitled to discovery concerning the director level *and above*." (Stanton Cert., Ex. D at pp. 14-17) (emphasis added). Notably, Lockheed Martin is *not* appealing that portion of the Magistrate Judge's Order granting Ms. Bell discovery about L7, *i.e., director*-level, positions. But, to the extent the Magistrate Judge did grant Ms. Bell discovery of L8 and L9 *officer*-level positions, the Order should be overturned. In fact, the Magistrate Judge's Order does not provide a rationale for allowing discovery at the *officer*-level positions of L8 and L9, only for L7 director-level positions. Its analysis focuses solely on Ms. Bell's request for discovery about "*director*-level positions," concluding that "[d]iscovery of

- 21 -

information about *director-level* positions is, consequently, relevant under Rule 26 standards." (*Id.*) (emphasis added). Again, Lockheed Martin objects to the extent that the Magistrate Judge granted Ms. Bell discovery of L8 and L9 officer-level, positions.

Simply put, Ms. Bell is not entitled to discovery of information about L8 and L9 positions. To begin with, she lacks standing to challenge employment decisions at those levels. "Article III requires that federal courts may only adjudicate an actual 'case or controversy.'" *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 306 (3d Cir. 1998). "[W]hether an action presents a 'case or controversy' under Article III is determined vis-a-vis the named parties." *Id.* In the class-action context, the named plaintiffs must have standing, that is, they must suffer an injury in fact. *Id.* Here, neither Ms. Bell nor Ms. Abt nor Ms. Walker has standing to assert that they were discriminatorily denied an L8 or L9 officer-level position because they never sought or were denied such a position, nor do they allege such. Therefore, they lack an injury in fact as to L8 and L9 officer-level positions.

What is more, these Plaintiffs offer no other viable justification for officer-level discovery. Officer-level discovery of L8 and L9 positions are not relevant to a "claim" under Rule 26(b)(1) because Ms. Bell does not allege that she sought or was discriminatorily denied such a position because of her sex or otherwise. In

fact, Ms. Bell alleges that female employees reach a "glass ceiling" only between L6 and L7, not between L7 and L8 or L9. Also, joining Ms. Abt and Ms. Walker as named plaintiffs provides no additional basis for officer-level discovery because neither alleges that she sought or was denied a position at these levels. In fact, as Ms. Bell admits elsewhere, she and Ms. Abt and Ms. Walker "are entitled to information" about "the job levels that [they] attained" and "the job levels *that they have sought* and *which they claim to have been unlawfully denied*." (Pl.'s Br. in Supp. of Mot. to Compel, filed on October 16, 2009 (Docket Entry 47), p. 20) (emphasis added). Finally, Lockheed Martin has legitimate privacy concerns about disclosing confidential business information about its officers when Ms. Bell, Ms. Abt, and Ms. Walker have not alleged or asserted a claim for discrimination at these levels.

Therefore, because Ms. Bell, Ms. Abt, and Ms. Walker never sought L8 and L9 officer-level positions and have not asserted a claim for discrimination at these levels, the Magistrate Judge erred in granting Ms. Bell discovery "above" the L7 director-level. *See Ardrey v. United Parcel Service*, 798 F.2d 679, 685 (4th Cir. 1986) (refusing to compel employer to provide information about promotion to other positions, positions which plaintiffs did not seek, or about employment histories of employees who held jobs not relevant to individual claims); *accord Gaul v. Zep Mfg. Co.*, No. 03-2439, 2004 WL 231298, *3 (E.D. Pa. Feb. 5, 2004)

(Stanton Cert., Ex. J) (in promotion-denial cases, "positions that are relevant for discovery purposes are the positions that the plaintiff[] occupied or requested promotions into." *(citing Hicks v. Arthur*, 159 F.R.D. 468, 471 (E.D. Pa. 1995); *Conti v. Universal Enter., Inc.*, 50 Fed. Appx. 690, 701 (6th Cir. 2002) (upholding trial court's decision to deny discovery because plaintiff failed to make a showing of comparability between positions she held and positions held by the individuals whose information was sought); *Suggs v. Capital Cities/ABC, Inc.*, 122 F.R.D. 430 (S.D.N.Y. 1988) (evidence about employees in nonfield producer positions was irrelevant and not discoverable where employee complained she was not promoted to staff field producer position and did not seek nonfield producer position).

In sum, the Magistrate Judge's Order should be overruled to the extent it permits Ms. Bell discovery about L8 and L9 officer-level positions.

**C.    The Magistrate Judge Erred in Joining Plaintiffs Abt and Walker.**

The Magistrate Judge's Order granting Ms. Bell leave to file a Second Amended Complaint joining Ms. Abt and Ms. Walker as named plaintiffs was error.  Respectfully, the Magistrate Judge incorrectly applied 15(a) and Rule 20(a)(1) when granting Plaintiff's motion to join Ms. Abt and Ms. Walker. (Stanton Cert., Ex. C at pp. 9-10.)  Rule 15(a) authorizes a court to grant a party's motion to amend a pleading "when justice so requires."  But Rule 15 does not

apply to *all* requested amendments.  It is "implicit in Rule 15 that a plaintiff may amend his complaint only to add matters that would otherwise have been proper to include in the original complaint." *Webb v. Westinghouse Elec. Corp.,* No. 76-172, 1977 U.S. Dist. LEXIS 16122, * 2 (E.D. Pa. Apr. 29, 1977) (Stanton Cert., Ex. K) (citations omitted).  When a plaintiff seeks to add *new parties*, the court must determine whether the new parties could have been properly joined in the original complaint—an analysis governed by Rule 20, not Rule 15. *Id.*

The standard for joinder under Rule 20 is more stringent than the standard for amendment under Rule 15.  Rule 20(a)(1) provides that an individual may join a lawsuit as a plaintiff only if:  (i) she "assert(s) any right to relief … arising out of the same transaction, occurrence, or series of transactions or occurrences; and (ii) "any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1).  A party's failure to satisfy *either* of these requirements results in misjoinder. *See Klimaski v. Parexl Int'l,* No. 05-298, 2005 WL 857350 (E.D. Pa. Apr. 4, 2005) (Stanton Cert., Ex. L) (granting motion to sever claims that did not satisfy Rule 20).  Courts consider a variety of individualized factors when assessing a motion to join, including the alleged time period, types and acts of discrimination, relevant supervisors and departments, geographic locations, and whether a companywide policy was alleged. *McDowell v. Morgan Stanley & Co., Inc.,* 645 F. Supp.2d 690, 694 (N.D. Ill. 2009).

Applying this test here, the claims of Ms. Bell, Ms. Abt, and Ms. Walker do not arise from the same transaction or occurrence. The women each challenge individualized, factually-distinct employment decisions made by *different* decisionmakers, in *different* Business Areas and Business Units, in *different* geographic locations, using *different* evaluative criteria, involving *different* comparators, in *different* contexts, and occurring at *different* times. For example, Ms. Bell challenges alleged individual acts of discrimination in the OSCM and MS2 Business Units in the Electronic Systems Business Areas in Morristown, New Jersey. (Second Am. Compl., ¶¶ 75-115.) Ms. Abt primarily alleges individual acts of discrimination in the Management & Data Systems and Enterprise Business Services business areas in Pennsylvania. (Second Am. Compl., ¶¶ 116-34.) Ms. Walker challenges alleged individual acts of discrimination with respect to her experience in the Human Resources department in the Aeronautics Business Area in Texas. (Second Am. Compl., ¶¶ 135-38.) Thus, these three women assert completely distinct, factually specific claims. As such, joinder is improper.[9]

Even after recognizing that "the proposed individual claims of Plaintiff, Ms. Abt and Ms. Walker relate to discrete employment decisions made by different supervisors, under differing circumstances temporally and geographically, concerning different levels of employment," the Magistrate Judge still concluded

---

[9] *See* pages 8 to 11, *supra*, describing the individual allegations of Ms. Bell, Ms. Abt, and Ms. Walker.

that joinder was proper because the women "assert claims arising out of the same allegedly company-wide discriminatory pattern or practice set forth by Plaintiff in this action." (Stanton Cert., Ex. C at p. 18.)  This conclusion is incorrect as a matter of law.

The mere fact that a named plaintiff alleges a companywide policy of discrimination is not sufficient to justify joining unrelated parties.  The courts have repeatedly held that joinder is inappropriate where, as here, the challenged conduct is based on individualized implementations of a common policy by different supervisors, at different times, using different criteria, involving different comparators, and in different areas.  For example, in *Smith v. North America Rockwell Corp.*, the court reasoned that four Title VII plaintiffs were improperly joined because "litigation of even any purported general policy of defendant, as it might affect each plaintiff here, would inevitably focus in detail on the separate work histories of each plaintiff." *Smith v. North America Rockwell Corp.*, 50 F.R.D. 515-22 (N.D. Okla. 1970); *accord Byers v. Ill. State Police,* No. 99-8105, 2000 WL 1808558 (N.D. Ill. Dec. 6, 2000) (Stanton Cert., Ex. M) (denying motion to amend in Title VII promotion case in part because proposed plaintiffs lived in different geographic regions, asserted discrimination over different time periods, and challenged decisions that implicated different decisionmakers, even though all final decisions were made by same decisionmaker).

The Third Circuit has yet to address this issue squarely. But its decision in

*Dickerson v. United States Steel Corp.,* 582 F. 2d 827 (3d Cir. 1978), provides

insight into how it would likely approach this type of joinder issue. There, the

Third Circuit considered whether the claims of class-member witnesses had a

question of law or fact in common with the named plaintiffs. The Court noted that

the claims of the individual class-member witnesses—like the claims of Ms. Bell,

Ms. Abt, and Ms. Walker here—involved "sporadic events concerning different

types of work occurring in different years, at different plants, and with different

supervisors." *Id.* at 831. Looking to joinder principles and to the *Smith* decision

by analogy, the Court of Appeals  stated that challenges to individualized

employment decisions that implicate different decisionmakers in different

departments and in different contexts, attack separate—and not common—

conduct:

> [A]ny purported denials of promotion would have been made by
> different supervisory personnel in different … work environments,
> with respect to employees performing different types of
> work….Whether a defendant unlawfully discriminated against one
> plaintiff with respect to promotion or job assignment in a given
> department is *not common* with the question of whether defendant
> unlawfully discriminated against another plaintiff in a separate
> department. The second act constitutes *separate, albeit similar,*
> *conduct.*

*Id.* at 832 (emphasis added) (*quoting Smith,* 50 F.R.D. at 522, 524). While *dicta,*

this reasoning provides helpful insight into how the Third Circuit would view the

joinder issue here. In short, the Court of Appeals would treat the dissimilarity between Ms. Bell's, Ms. Abt's, and Ms. Walker's claims as "not common" and "separate, albeit similar, conduct."

Although she acknowledged these decisions, the Magistrate Judge concluded that joinder was proper under the reasoning of the Eighth Circuit's decision in *Mosley v. General Motors Corp.*, 497 F.3d 1330, 1333-34 (8th Cir. 1974). In *Mosley*, the court allowed joinder with respect to putative plaintiffs who claimed injury from an alleged company-wide policy that discriminated against African Americans. *Id.*

The Magistrate Judge's reliance on *Mosley* is misplaced. In the first place, the *Mosley* decision is not binding on this Court because it was issued by another Court of Appeals. Moreover, as the Magistrate herself recognized, "several cases" have not followed the *Mosley* approach. (Stanton Cert., Ex. D at p. 15.) The soundness of the *Mosley* decision is also undermined by the Supreme Court's more recent decision in *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982). There, the Supreme Court expressly disapproved of the very kind of "across the board" discrimination class action that that the *Mosley* court created when it granted the plaintiffs' motion for joinder.

In sum, that a single plaintiff files a putative discrimination class action should not be sufficient to justify joinder by any other individuals who share only

the same protected characteristic and broadly alleged claims of discrimination. *See Falcon*, 457 U.S. at 159 ("If one allegation of specific discriminatory treatment were sufficient to support an across-the-board attack, every Title VII case would be a potential companywide class action. We find nothing in the statute to indicate that Congress intended to authorize such a wholesale expansion of class-action litigation.")  Applying such a lenient joinder standard would render Rule 20 and its "logical relationship" test meaningless.  On the Magistrate Judge's logic, entirely dissimilar allegations of the same kind of discrimination—however disparate and regardless of where they occur in a large company, who the decisionmakers were, and what the particular context was—would all belong in the same putative class action.  Accordingly, this Court should apply the *Dickerson* and *Smith* principles and reverse the Magistrate Judge's Order granting Plaintiff leave to file a Second Amended Complaint joining Ms. Abt and Ms. Walker as named plaintiffs. [10]

## CONCLUSION

Lockheed Martin respectfully requests that the District Court grant its Appeal and vacate the Magistrate Judge's Orders:  (i) granting discovery of race

---

[10] Also, the Magistrate Judge incorrectly rejected Lockheed Martin's futility arguments.  (Stanton Cert., Ex. C at pp. 24-28).  Specifically, Ms. Abt did not file her complaint within 90 days of receiving an EEOC right to sue notice; therefore, her claims are time-barred. *See Burgh v. Borough Council,* 251 F.3d 465, 470 (3d Cir. 2001) (barring lawsuit filed one day after the expiration of 90-day period).  Further, while Ms. Walker has now received a right-to-sue notice, when Ms. Bell first filed her motion for leave to amend to join Ms. Walker, no right-to-sue notice had been issued.  Thus, Ms. Bell's seeking to join Ms. Walker was premature.

and age information; (ii) granting discovery of officer-level L8 and 9 positions; and (iii) granting Ms. Bell leave to file a Second Amended Complaint to join Ms. Abt and Ms. Walker as named plaintiffs.  In sum, nothing in Ms. Bell's three complaints accuses Lockheed Martin of race or age discrimination; still less does she assert a formal claim of such discrimination.  So, under Rule 26(b)(1) and applicable precedent, this discovery is not "relevant" to a "claim" here, and the Certifications of Ms. Bell's experts cannot resolve the question of *legal relevance*.  Likewise, Ms. Bell, Ms. Abt, and Ms. Walker make no claim that they were denied a promotion to an L8 or L9 officer-level position.  As such, they not only lack standing to assert such a claim, but they also cannot have discovery about L8 and L9 positions because the discovery is not relevant to a "claim" here.  Finally, by erroneously applying the Rule 15 standard to a Rule 20 issue, the Magistrate Judge improperly allowed joinder of Ms. Abt and Ms. Walker.  As *Dickerson* and *Smith* suggest, in the Third Circuit, putative named plaintiffs with such disparate claims as these may not properly be joined under Rule 20 because they lack commonality and, while similar, their claims are separate and distinct.  Respectfully, the

Magistrate Judge's Orders should be reversed on these points.

Dated:  July 8, 2010

Respectfully Submitted,
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: _s/ Cheryl M. Stanton_____
        CHERYL M. STANTON
        10 Madison Avenue, 4th Floor
        Morristown, New Jersey 07960
        973-656-1600
        973-656-1611 (fax)
        cheryl.stanton@odnss.com


*Appearing Pro Hac Vice*

MARGARET H. CAMPBELL, ESQ.
A. CRAIG CLELAND, ESQ.
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E.
Atlanta, GA 30303
404-881-1300 (telephone)
404-870-1732 (fax)
margaret.campbell@odnss.com
craig.cleland@odnss.com

DANUTA B. PANICH, ESQ.
Ogletree, Deakins, Nash, Smoak&
Stewart, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
317-916-1300 (telephone)
317-916-9076 (fax)
donna.panich@odnss.com