IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| CAROL BELL, on behalf of herself and those similarly situated, | : : : : | |
| Plaintiffs, | : : | Civil No. 08-6292 (RBK/AMD) |
| v. | : : : | **OPINION** |
| LOCKHEED MARTIN CORPORATION, | : : | |
| Defendant. | : : | |

**KUGLER**, United States District Judge:

In accordance with the Court's Order dated January 12, 2012, Defendant Lockheed Martin Corporation ("Defendant") has submitted affidavits concerning the attorney's fees that Defendant has incurred in bringing the previous Motion for Contempt against Plaintiff Linda Abt ("Plaintiff"). Plaintiff has submitted an opposition challenging the appropriateness and reasonableness of these attorney's fees. For the reasons discussed below, the Court finds Defendant's fees to be fully reasonable. Accordingly, Plaintiff is ordered to reimburse Defendant for the full amount of the fees requested in Defendant's affidavits.

Plaintiff's opposition to Defendant's fee submission is two-fold. First, Plaintiff argues that Defendant has requested fees for time and energy spent on unnecessary or unrelated tasks, such that Plaintiff should not be liable for such fees since they were avoidable and unnecessary. Second, Plaintiff argues that Defendant's billed hours are in part duplicative of the same tasks, and that Plaintiff should not be liable for these duplicative fees. The Court addresses these arguments in turn.

Plaintiff argues that Defendant could have mitigated much of the requested fees by engaging in "meet and confer" meetings with Plaintiff. Pl. br. at 4-5. Plaintiff also argues that Defendant could have notified Plaintiff of the fact that Defendant believed that Plaintiff had misappropriated proprietary documents earlier than the date that Defendant brought the Motion for Contempt. Id. at 6-7. The Court finds that Plaintiff's objections to the appropriateness of the tasks for which Defendant requests reimbursement are misplaced. Plaintiff's arguments are improper at this time because Plaintiff voluntarily waived her right to the hearing that the Court sought to provide for her, as well as the written objections that Plaintiff had previously submitted and then requested to be withdrawn. See Notice of Linda Abt to Withdraw Objections to the Report and Recommendations.

Defendant correctly notes that Plaintiff's objections to the propriety of Defendant's request for fees are a thinly "veiled request for reconsideration." Def. br. at 2. The Court notes that the adopted Order provided that

> Defendant shall be granted reasonable attorneys' fees and expenses incurred in filing <u>this motion for sanctions</u>, including the costs incurred to pay a mutually agreed upon third-party forensic analyst.

Order at 2 (emphasis supplied). The Order further provided Plaintiff with "an opportunity to respond <u>on the issue of the reasonableness of the fees and expenses sought and the scope of any forensic review</u>."[1] Opinion at 19 (emphasis supplied). Thus, Defendant has already been granted all reasonable fees incurred with filing the Motion for Contempt, and Plaintiff cannot now reargue this point. Defendant also notes that the parties had previously engaged in a meet and confer, which was unsuccessful. Def. br. at 3-5. The Court finds that the parties were not

---

[1] The parties agree that the scope of the forensic review is still being negotiated at this time. See Notice of Filing of Affidavits at 2. Accordingly, this issue is not before the Court at this time.

required to engage in further meet and confers, and that based on Plaintiff's actions, any other meet and confers would have in any case been futile.

The Court now considers Plaintiff's objections to the requested fees as being duplicative. Plaintiff argues that several partners of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins") unnecessarily reviewed Defendant's documents related to the contempt motion. Pl. br. at 8. Defendant argues that there was no unreasonable duplication of work. "A reduction for duplication 'is warranted only if the attorneys are <u>unreasonably</u> doing the <u>same</u> work.'" Rode v. Dellarciprete, 892 F.2d 1177, 1187 (3d Cir. 1990) (emphasis in original) (internal citations omitted). It is apparent that the Ogletree Deakins partners were not doing the "same work" as the associates who drafted the motion for contempt, since the activities of reviewing and commenting on another's work product are distinct from the activity of writing the documentation to be reviewed. Thus, this Court must determine if the Ogletree Deakins partners were acted "unreasonably" in reviewing the documents related to the Motion for Contempt.

The Court finds to be reasonable the number of hours expended by the Ogletree Deakins partners to review the multiple drafts of the Motion for Contempt. The Court notes that motions for contempt are not commonly filed, and that such motions necessarily involve careful review of the records. It is not unreasonable for partners at a law firm to review the work of less experienced associates. While review of the same documentation by five different partners in a law firm might seem duplicative, such review is not necessarily unreasonable when the facts or law involved in the motion are sufficiently complex. The Court finds to be substantial the volume of records that lawyers at Ogletree Deakins needed to review to draft the motion for contempt. The Court further finds that several Ogletree Deakins partners, specifically Danuta

Panich, Margaret Campbell, Craig Cleland, and Michael Murphy, devoted reasonable amounts of time, ranging from 0.2 to 0.5 hours each, to reviewing the Motion for Contempt.

The Court further notes that Defendant has voluntarily disclaimed much of the fees associated with the Motion for Contempt. Specifically, Defendant has not requested reimbursement for the following fees: "all paralegal time; partner time spent reviewing documents [Plaintiff] wrongfully took; time recorded exclusively for participating in internal conferences or preparing internal correspondence; April 21, 2011 hearing preparation time except [for] the time of [Cheryl M. Stanton,] Mr. Simon and Ms. Giraudo; time spent preparing for the May 10, 2011 hearing except time spent working on the stipulation; and any time entry that referred to a matter unrelated to the Motion for Contempt." Stanton Cert., ¶ 25; see also Evans Cert., ¶¶ 21-23. Thus, the Court finds the amount of fees requested by Defendant to be fully reasonable.

For the reasons discussed above, Defendant's Motion for Attorney's Fees is GRANTED. An appropriate order shall issue.

Dated: 5/14/12 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge