IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CAROL BELL, on behalf of herself and those similarly situated, | |
| Plaintiff, | Civil No. 08-6292 (RBK/AMD) |
| v. | **OPINION** |
| LOCKHEED MARTIN CORPORATION, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Plaintiff Linda Abt for reconsideration of the Court's Order dated May 14, 2012, which granted attorney's fees to Defendant Lockheed Martin Corporation in the amount of $47,614.50. As discussed below, Plaintiff Abt's motion is DENIED.

**I.     STANDARD**[1]

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). See id. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. See Byrne v. Calastro, No. 05-68, 2006 U.S. Dist. LEXIS 64054, at *7 (D.N.J. Aug. 28, 2006).

---

[1] The Court has previously discussed the facts in this case in the Opinion dated May 14, 2012 (Doc. No. 481).

1

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion. See L. Civ. R. 7.1(i). "The standard for [reconsideration] is high, and reconsideration is to be granted only sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "The word 'overlooked' is the operative term in the Rule." Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted); Compaction Sys. Corp., 88 F. Supp. 2d at 345. The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter. See Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L. Civ. R. 7.1(i).

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law that the parties presented to, but were not considered by, the court in the course of making the decision at issue. See Student Pub. Interest Grp. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Great Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence that was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating

that the evidence was unavailable or unknown at the time of the original decision.  See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *2 (D.N.J. Dec. 1, 1989).  Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments that the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

## II. DISCUSSION

Plaintiff Abt brings the instant motion for reconsideration based on two alleged clear errors of fact.  First, Plaintiff Abt argues that the Court failed to consider Plaintiff's argument that Defendant failed to meet and confer with Plaintiff prior to bringing Defendant's motion for sanctions.  Secondly, Plaintiff Abt argues that the Court's finding that the parties had met and conferred prior to the Defendant's motion for sanctions is erroneous because the parties had met and conferred on an issue unrelated to Plaintiff Abt's violation of the June 30, 2010 Order.  The Court finds that, to the contrary, neither of the Court's prior factual findings was erroneous, let alone clearly erroneous.  Therefore, Plaintiff's motion must be denied.

Regarding Plaintiff's second argument, the Court finds that the parties' prior meet and

confer session was directly related to the motion for sanctions. Plaintiff admits that the prior meet and confer session in 2010 concerned the events "surrounding the plaintiffs' original taking of certain of Lockheed's documents that resulted in Judge Donio's June 30, 2010 Order." Pl. br. at 5. Because this meet and confer session was unsuccessful, Judge Donio entered the June 30, 2010 Order that formed the basis for the sanctions against Plaintiff Abt. Therefore, the Court finds that Defendant was reasonable to conclude that further meet and confer sessions would have been futile. Def. Br. at 3 n.1.

Turning to Plaintiff's first argument, the Court notes that in the Court's May 14, 2012 Opinion, the Court had found that further meet and confers would have been futile. The Court made this finding in addition to the original finding that Defendant was under no obligation to engage in meet and confer sessions with Plaintiff Abt. Thus, Defendant would have acted reasonably, and would have been entitled to the attorney's fees awarded, even if Defendant had not engaged in any meet and confer sessions with Plaintiff Abt. Therefore, the Court finds that Plaintiff Abt has not raised any errors of fact or law that warrant the instant motion for reconsideration.

For the reasons discussed above, Plaintiff's motion for reconsideration is DENIED.

Date: 6/12/2012 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

4